**Kyriakos SOMAS, Plaintiff,**

**v.**

**GREAT AMERICAN INSURANCE COM-
PANY and The Home Insurance
Company, Defendants.**

**No. 80 Civ. 0902.**

United States District Court,
S. D. New York.

Sept. 25, 1980.

John Gutman, Brooklyn, N. Y., for plain-tiff.

Abrams & Martin, P. C., New York City, for defendants; Steven Jay Bassin, of counsel.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Defendants Great American Insurance Company and The Home Insurance Company move, under 28 U.S.C. § 1292(b), for leave to appeal this Court's order of August 22, 1980 denying defendants' motion to dismiss the complaint on grounds of time–bar. Plaintiff has alleged a fire loss on February 24, 1978; the complaint was filed in this Court on February 14, 1980; the two–year limitations period expired on February 24, 1980; and service upon defendants was effected on March 12, 1980.

After the recent decision of the Supreme Court in *Walker v. Armco Construction Corp.,* —— U.S. ——, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the state provision for tolling the statute of limitations applies in diversity actions such as the instant one. In New York, C.P.L.R. § 203(b)(5) grants plaintiff, in an action within New York City, the benefit of a sixty–day extension of the limitations period in which to serve defendant if plaintiff first files the complaint with the county clerk within the limitations period. It has previously been held under a slightly different version of that subsection that filing with this Court in a diversity action is the equivalent of filing with the sheriff for purposes of implementing the sixty–day extension. *Zarcone v. Condie,* 62 F.R.D. 563, 568 (S.D.N.Y.1974). Since that decision, the New York rule has been amended to substitute the county clerk for the sheriff as the person with whom the complaint must be filed for actions brought within New York City. There is no indication, however, that this amendment alters the substantive rights of a plaintiff suing in New York City as opposed to elsewhere in the state, where service upon the sheriff is still required. *See* McLaughlin, 1979, 1977 & 1976 Practice Commentaries, C203:7 (McKinney's Supp. 1979). Thus, filing with this Court is deemed equivalent to filing with the county clerk for purposes of implementing the sixty–day extension.

 

*Walker* instructs, as defendants correctly point out, that plaintiff's rights should be no greater in a federal than in a state court. Had plaintiff in the instant case elected to proceed in state court and filed with the county clerk within the limitations period, he would have received the sixty–day extension. Instead, he chose federal court and, having filed with this Court within the limitations period, also receives the benefit of the sixty–day extension. Plaintiff's rights are thus the same in federal as in state court. Because service upon defendants was effected within that sixty–day period, this action was timely commenced.

Defendant's motion for leave to appeal is denied.

So ordered.