**Robin Hoda GOLD, Plaintiff,**

v.

**JEEP CORPORATION, American Motors Corporation and American Motors Sales Corporation, Defendants.**

**No. CV–83–2026.**

United States District Court,
E.D. New York.

Feb. 6, 1984.

Purcell, Fritz & Ingrao, P.C. by Paul W. Roussillon, Commack, N.Y., for plaintiff.

Herzfeld & Rubin, P.C. by Herbert Rubin, New York City, for defendants.

## AMENDED MEMORANDUM AND ORDER

ALTIMARI, District Judge:

By notice of motion dated August 18, 1983, defendants moved to dismiss the com-

---

plaint pursuant to Rule 12(b), Fed.R.Civ.P., for (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; and (3) as barred by the applicable statute of limitations. By Report and Recommendation dated November 10, 1983, United States Magistrate David F. Jordan recommended that the motion be denied in its entirety. Thereafter, by affidavit dated November 23, 1983, defendants objected to so much of Magistrate Jordan's report which found the action to have been commenced within the applicable statute of limitations. *See* 28 U.S.C. § 636(b)(1)(B). We address *de novo* therefore, so much of Magistrate Jordan's report which concluded that the action is not barred by the statute of limitations.

As pointed out by defendants in their objections, the relevant facts are virtually undisputed, and were well stated by Magistrate Jordan in his report:

> On June 14, 1980 the plaintiff, Robin Hoda Gold, was operating a vehicle in Suffolk County when it went out of control, rolled over and caused serious personal injuries. The vehicle had been bought by Mrs. Gold's husband on September 27, 1979 and was manufactured by the defendants. Plaintiff filed this action with the clerk of the District Court for the Eastern District of New York on May 18, 1983. On May 24, 1983 her process server mailed the summons and a *draft* copy of the complaint to defendants. The draft complaint contained an extra paragraph that concerned a party not otherwise named as a defendant in the complaint that had been filed with the Clerk of the Court.
>
> On June 20, 1983, defendants answered the draft complaint and at that time raised the defenses of lack of subject matter jurisdiction and lack of in personam jurisdiction. With this answer, plaintiff realized that the wrong copy of the complaint had been mailed to the defendants and that documents necessary to properly effect process pursuant to Rule 4c(2)(C)(ii) of the Federal Rules of Civil Procedure had not been included in the package mailed to defendants on May 26, 1983. On August 2, 1983, plaintiff

> mailed the summons and complaint that had been filed with the Clerk of the Court on May 18, 1983 and the requisite documents for proper service.

The sole issue is whether the action is barred by the applicable three year statute of limitations. *See* N.Y.Civ.Prac.Law § 214(5) (McKinney Supp.1983).

Under the Supreme Court's decision in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), New York law governs the issue of when a suit in diversity is commenced. Under New York law, suit is commenced upon service of the summons upon defendant. New York Civ.Prac.Law § 203(b) (McKinney 1972 & Supp.1983). Plaintiff argues that while she served defendant more than three years after the action accrued, her action is nevertheless timely under CPLR section 203(b)(5). That section stops the running of the statute of limitations when "[t]he summons is delivered to the sheriff of that county outside the City of New York or is filed with the clerk of that county within the City of New York in which the defendant resides, is employed or is doing business ... or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that: (i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision...." In effect, it provides for a sixty day extension of the limitations period. If this statute is applicable, then the action is timely because the summons was properly served within sixty days after June 14, 1983. (The date the period of limitation would have expired without the benefit of CPLR 203(b)(5)). If not, the action is barred. The more specific issue, then, is whether service of the summons and complaint upon the Clerk of this Court on May 15, 1983, gave plaintiff the benefit of 203(b)(5). Defendants argue that it did not, since they maintain that such service is not "equivalent" to service upon the sheriff of Suffolk County—the service necessary under 203(b)(5), and moreover, since equivalent

service is no longer sufficient under New York law to invoke section 203(b)(5).

## DISCUSSION

CPLR section 203(b)(5) has gone through several amendments, making it difficult indeed to ascertain the legislative intent behind it. As presently worded, the simple technical act of filing the summons with the county clerk or sheriff extends automatically the limitations period by sixty days. No longer does the statute require that when the summons be delivered to the sheriff, it be delivered *for service upon the defendant.* (The predecessor of the current version of 203(b)(5) read that way.)

■ First, we find that service of the summons upon the Clerk of this Court is equivalent to service upon the county clerk of the several counties within this district, including Suffolk County. There is one Eastern District of New York serviced by two courthouses, either of which may be utilized for the commencement of actions and filing of papers. The Clerk of the Court is, for our purposes, the clerk for *all counties* within the district, notwithstanding that through financial and other restraints he is not located physically in each of those counties. *See, e.g., Aro v. Lichtig,* 537 F.Supp. 599, 600 (E.D.N.Y.1982) (McLaughlin, J.); *Somas v. Great American Insur. Co.,* 501 F.Supp. 96 (S.D.N.Y. 1980) (Weinfeld, J.). To suggest otherwise is contrary to common sense.

■ Second, we conclude that under the present version of 203(b)(5) service of the summons upon the Clerk of this Court is equivalent to service upon the sheriffs of the several counties within this district, including Suffolk County. As pointed out already, under 203(b)(5) the sheriff serves as a receptacle or depository through which by a technical filing of the summons one receives an additional sixty days to commence his action. Service upon the Clerk of the Court surely is equivalent, since he now serves the same function as the sheriff.

While defendants argue that deeming the Clerk of this Court the equivalent of each sheriff and county clerk of each county within the district would grant federal plaintiffs a benefit greater than their state counterparts, the argument is simplistic and confuses convenience with substance. A state court litigant has access in each and every county to the sheriff or county clerk. In a diversity action, however, the Clerk of this Court can only be found where the court can also be found. True that it may at times provide a convenience not found in state court, but it provides to federal litigants substantive rights no greater than that to which they would have been entitled in a state court action. *Aro v. Lichtig, supra,* 537 F.Supp. at 599; *Somas v. Great American Insur. Co., supra,* 501 F.Supp. at 97.

What defendant suggests, is that in order to obtain the benefit of 203(b)(5) a federal litigant in a diversity action in a county without New York City, such as Suffolk County, must not only file the action with the Clerk of this Court, but as well serve the summons on the county sheriff. That argument is unpersuasive for two reasons. First, as Magistrate Jordan observed it would create two separate rules, one for cases within the City of New York and the other for cases without the City of New York, governing the same situation in one federal district court. Second, and more importantly:

"There is no requirement that a litigant in an action pending in federal court call upon the services of a state official to either protect, enforce or enjoy the privileges granted to him by local law. The test to be applied ... is whether the litigant is receiving the same treatment that he would have in a state court, and this does not prevent a federal court from administering the state system of law in its own way in connection with 'details related to its own conduct of business.' "

*Nola Electric Co. v. Reilly,* 93 F.Supp. 164, 170 (S.D.N.Y.1948). What particular individual or official shall be authorized to serve as the depository for receipt of the

summons is such a detail, "and it does not affect substantial rights."

 Defendants next argue that even if the Clerk of this Court be equivalent to the sheriff and county clerk, equivalency is no longer acceptable under New York law. *See Dominguez v. DeTiberus,* 53 N.Y.2d 778, 439 N.Y.S.2d 918, 422 N.E.2d 578 (1981), *aff'g,* 78 A.D.2d 848, 432 N.Y.S.2d 724 (2d Dept.1980). Even assuming, *arguendo,* that the New York Court of Appeals in a state court action would find "equivalency" unacceptable, nevertheless in a federal diversity action it is not really a question of equivalency at all. The federal litigant need not rely upon the services of a state official where, as here, he does not seek greater substantive rights than he would enjoy in state court.

## CONCLUSION

For all of the above reasons and because justice will well be served, the defendants' motion to dismiss is denied. This Order involves a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal from this Order may materially advance the ultimate termination of the litigation.

SO ORDERED.