Barbara YOUNG, Personal Representative of the Estate of James Young, Deceased, Appellant,

v.

**CLANTECH, INC.**

**No. 88–5444.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 1, 1988.

Decided Dec. 23, 1988.

Francis J. Hartman, Stephen W. Kirsch, Moorestown, N.J., for appellant.

Jack Borrus, Daniel V. Barus, Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., North Brunswick, N.J., for appellee.

Before SEITZ, STAPLETON and COWEN, Circuit Judges.

1. Barbara Young sues as the personal represent-

## OPINION OF THE COURT

PER CURIAM.

### I.

The disposition of this case depends upon whether New Jersey's statute of limitations is tolled when a plaintiff files a lawsuit against a defendant in a court which does not have *in personam* jurisdiction over the defendant. Because we conclude that the New Jersey statute of limitations is not tolled by the filing of such a lawsuit, we affirm the district court's grant of the defendant's motion to dismiss.

### II.

According to the complaint filed by the plaintiff Barbara Young, James Young was killed in an industrial accident in Ontario, Canada on August 29, 1983, while he was using a "phasing detector" manufactured by the defendant Clantech, Inc.[1] Clantech is a New Jersey corporation with its principal place of business also in New Jersey.

On August 16, 1985, Young filed a lawsuit against Clantech in the Michigan State Circuit Court for the County of Wayne, making allegations which were essentially identical to those in the present action. The Michigan suit was dismissed by the Michigan court on October 14, 1986, because the Court did not have personal jurisdiction over Clantech.

Young initiated this lawsuit on August 14, 1986, by filing a complaint in the United States District Court for the District of Washington. Clantech moved to dismiss on statute of limitations grounds and on the basis that the Washington court was a *forum non conveniens*. The Washington court, *sua sponte*, raised the additional issue of whether it had personal jurisdiction over Clantech. Because it concluded both that it did not have personal jurisdiction over Clantech, and that venue did not properly lie in the District of Washington, the court transferred the case to the United States District Court for the District of New Jersey.

ative of James Young's estate.

On May 2, 1988, the district court for the District of New Jersey heard Clantech's motion to dismiss Young's complaint on the basis that Young's action was time-barred due to the expiration of the applicable New Jersey statute of limitations. On May 17, 1988, the district court granted Clantech's motion to dismiss the complaint. The court reasoned that Young's action was time-barred, since New Jersey had a two year statute of limitations for cases of this type, and the action had been originally filed more than two years after the accident. The court held that statute of limitations had not been tolled by the filing of the Michigan state court action. Young appeals to this Court.

### III.

The parties do not dispute the district court's conclusions that New Jersey law applies to this case, and that the New Jersey statute of limitations applicable to a case of this type is two years. The sole issue before us, then, is whether the timely filing of the Michigan state court action tolled the New Jersey statute of limitations. If so, the district court erred when it dismissed this action, as it would not be time-barred; if not, the action is time-barred and we must affirm the district court.

In our opinion, the timely filing of a case in a court which lacks personal jurisdiction over the defendant *does not* toll the New Jersey statute of limitations.

Traditionally, the filing of a case against a defendant in a court which did not have jurisdiction over the action tolled New Jersey's statute of limitations only if the court in which the case was originally filed had authority to transfer the case to the proper court. *See Kaczmarek v. New Jersey Turnpike Authority*, 77 N.J. 329, 343–44, 390 A.2d 597 (1978) (citing *Ellis v. Lynch*, 106 F.Supp. 100 (D.N.J.1952)).

Young, however, relies upon a 1980 New Jersey Supreme Court decision, *Galligan v. Westfield Centre Service, Inc.*, 82 N.J. 188, 412 A.2d 122 (1980), which extended the equitable remedy of tolling a statute of limitations to a case where the plaintiff filed in a court which had neither jurisdiction over the case, nor authority to transfer the case to a court having jurisdiction. In *Galligan*, the plaintiff filed a complaint in the Federal District Court for the District of New Jersey before the statute of limitations had run. The federal court, however, did not have subject matter jurisdiction over the case, since there was not diversity between the parties. The plaintiff then filed a complaint in a New Jersey Superior Court after the statute of limitations had run.

The New Jersey Supreme Court held that the statute of limitations was tolled by the filing of the federal complaint, and stated that as a general rule, the filing of a complaint in a court which lacks subject matter jurisdiction over the case will toll the New Jersey statute of limitations if, in the particular circumstances of the case, the purposes underlying the statute are not compromised. *Id.* at 195, 412 A.2d 122.

While *Galligan* extended the equitable remedy of tolling the statute of limitations, it did not extend it so far as to encompass this case. Here, Young filed a complaint in a court which lacked *personal jurisdiction* over the defendant, a defect which is qualitatively different from filing in a court which has personal jurisdiction over the defendant, but lacks subject matter jurisdiction. The New Jersey Supreme Court has not extended the remedy of tolling to encompass such a defect, and we are unwilling, at this juncture, to predict that it would. Significant policy arguments would support a distinction between the two types of defects. Accordingly, we hold that Young is not entitled to the benefit of an equitable tolling of New Jersey's statute of limitations, and will affirm the district court's dismissal of her complaint.

SEITZ, J., concurs in the judgment.