**Sophie LEVY and Edgar Levy,
Plaintiffs–Appellants,**

v.

**PYRAMID COMPANY OF ITHACA and
Pyramid Mall Ithaca Merchants,
Inc., Defendants–Appellees.**

**No. 392, Docket 88–7595.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 23, 1989.

Decided March 24, 1989.

Sophie Levy, Wheaton, Md., pro se.

Edgar Levy, Wheaton, Md., pro se.

Robert J. Smith, Syracuse, N.Y. (Costello, Cooney & Fearon, Syracuse, N.Y., and Gorman & Gorman, Bethesda, Md., of counsel), for defendants-appellees.

Before MESKILL, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants Sophie Levy and Edgar Levy, *pro se,* appeal from a judgment entered in the United States District Court for the Northern District of New York, (Neal P. McCurn, *Chief Judge*) granting defendants-appellees' motion for summary judgment pursuant to Fed.R.Civ.P. 56.

The court held that the action was barred by the statute of limitations.

Plaintiffs filed suit in the United States District Court for the District of Maryland to recover damages for personal injuries allegedly caused by defendants-appellees Pyramid Company of Ithaca and Pyramid Mall Ithaca Merchants, Inc. ("Pyramid") in New York. Pyramid does not reside in Maryland, and conducts business solely within the State of New York. On motion of the plaintiffs who conceded that the district court in Maryland lacked personal jurisdiction over Pyramid, the district court transferred the case to the United States District Court for the Northern District of New York without any indication as to the statutory basis for the transfer. After the case was transferred, Pyramid asserted the affirmative defense that the action was barred by the New York statute of limitations, N.Y.Civ.Prac.L. & R. § 304 (McKinney 1972), and moved to dismiss the action.

On this appeal, plaintiffs contend that the district court erred in ruling that the statute of limitations barred their action. Specifically, they argue that the state law of Maryland rather than that of New York governs this diversity action. Further, they assert that even if New York law governs, they are entitled to a sixty day extension of the statute of limitations under N.Y.Civ.Prac.L. & R. § 203(b)(5) (McKinney Supp.1988).

 In a thorough and well-reasoned opinion, 687 F.Supp. 48 (N.D.N.Y.1988), Chief Judge McCurn considered each of the plaintiffs' claims and held, *inter alia*, that where a plaintiff moves to transfer a case based on diversity of citizenship from one federal trial court to another so as to cure a defect of personal jurisdiction over the defendant, the state law of the transferee forum governs the action for the purposes of the statute of limitations. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981); *Martin v. Stokes*, 623 F.2d 469 (6th Cir.1980); Siegel, Practice Commentaries on FRCP Rule 4, C4–37, in 28 U.S.C.A. Fed.R.Civ.P. 4 at 59 (West Supp. 1988). The district court further found that the plaintiffs' filing of a suit in the United States District Court for the District of Maryland is not equivalent to service pursuant to N.Y.Civ.Prac.L. & R. § 203(b)(5). *See Gold v. Jeep Corp.*, 579 F.Supp. 256 (E.D.N.Y.1984); *see also Young v. Clantech, Inc.*, 863 F.2d 300 (3d Cir.1988) (timely filing of a case in a court that lacks personal jurisdiction over the defendant did not toll the New Jersey statute of limitations).

We agree with Chief Judge McCurn's sound analysis, and adopt the two rulings described above. We, therefore, affirm the judgment of the district court substantially for the reasons set forth in Chief Judge McCurn's excellent opinion.

Affirmed.