George **PERSONIS** and Jean G. Personis, Plaintiffs–Appellants,

v.

Robert **OILER** and Douglas K. Abel Leasing, Defendants–Appellees.

No. 53, Docket 89–7091.

United States Court of Appeals, Second Circuit.

Argued Aug. 30, 1989.

Decided Nov. 8, 1989.

Richard Pertz, Utica, N.Y. (Julian & Pertz, Utica, N.Y., on the brief), for plaintiffs-appellants.

James R. Griffith, Utica, N.Y. (Felt, Hubbard & Bogan, Utica, N.Y., on the brief), for defendants-appellees.

Before FEINBERG and NEWMAN, Circuit Judges, and DUMBAULD, Senior District Judge.*

JON O. NEWMAN, Circuit Judge:

A New York statute provides a procedure whereby a plaintiff may obtain a sixty-day extension of the applicable statute of limitations by delivering a summons to a designated official and having the summons served within sixty days after the expiration of the limitations period. N.Y. Civ.Prac.Law § 203(b)(5) (McKinney 1972 & Supp.1989). The issue in this case is whether section 203(b)(5) applies to a federal court diversity suit. George and Jean Personis, Massachusetts residents, appeal from a judgment of the District Court for the Northern District of New York (Thomas J. McAvoy, Judge) dismissing their complaint on the ground that it was not timely commenced within the applicable period of the New York statute of limitations. 714 F.Supp. 617 (N.D.N.Y.1989). For the reasons given below, we conclude that the appellants are entitled to the extension afforded by section 203(b)(5) and are not time-barred from bringing this lawsuit.

This action arises out of an automobile accident that occurred in Herkimer County, New York. According to the allegations of the complaint, on September 26, 1985, a tractor-trailer owned by Douglas K. Abel Leasing ("Abel Leasing"), an Ohio corporation having its principal place of business in that state, struck a car driven by George Personis. Since there was diversity of citizenship, the appellants brought an action to recover damages in the District Court for the Northern District of New York on August 24, 1988, naming Abel Leasing and Robert Oiler, the driver of the tractor-trailer, as defendants. Although the Clerk of the District Court issued a summons that day, the appellant, to obtain the statutory extension provided by section 203(b)(5), also delivered a copy of the summons to the sheriff of Herkimer County on August 29, 1988. Personal service was effected on Abel Leasing on September 29, 1988.

Shortly thereafter, the appellants filed a motion requesting the District Court to fashion "expedient service" on co-defendant Oiler pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i). Abel Leasing cross-moved to dismiss the complaint as barred by New York's three-year statute of limitations for actions to recover damages for personal injury. *See* N.Y.Civ.Prac.Law § 214(5). Although the appellants had filed the complaint before the expiration of the three-year limitations period, New York law deems an action "commenced" for the purpose of tolling the statute of limitations upon the service of the summons. N.Y. Civ.Prac.Law § 203(b)(1). Since the summons was not served until three years and three days after the cause of action had accrued, Abel Leasing argued that the statute of limitations had run on the appellants' claim. The District Court dismissed the complaint as time-barred, agreeing with Abel Leasing that section 203(b)(5) did not apply to a diversity suit.

On appeal, the appellants renew their contention that section 203(b)(5) applies to their suit and renders it timely. That section creates a procedure for gaining the benefit of sixty extra days beyond the normal statute of limitations. Under section 203(b)(5), the delivery of a summons to a sheriff of the county in which the defendant resides, is employed, or is doing business, if that county is outside New York City, timely "commences" an action as long as actual service ensues within sixty days of the running of the normal limitations period.[1] If the pertinent county is within New York City, the extension is obtained by filing the summons with the county

---

* The Honorable Edward Dumbauld of the District Court for the Western District of Pennsylvania, sitting by designation.

1. Section 203(b)(5) reads in pertinent part:

A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when ... [t]he summons is delivered to the sheriff of that

clerk. Abel Leasing contends, as it did before the District Court, that section 203(b)(5) is inapplicable to diversity suits because that provision calls upon state officials—sheriffs and county clerks—to effectuate service of process. Because section 203(b)(5) does not involve federal officials in the service of the summons, Abel Leasing maintains that federal litigants cannot enjoy the benefits of the sixty-day extension of the limitations period in diversity cases. We disagree.

### Discussion

Whether section 203(b)(5) provides a diversity plaintiff with a sixty-day extension requires consideration of two questions: (1) as a matter of federal law, may section 203(b)(5) be applied to diversity suits, and (2) as a matter of state law, is the availability of section 203(b)(5) limited to suits brought in state court? Though the state law question might be considered first since a negative answer to it would end the inquiry, we prefer to consider the questions in the order listed.

1. *Federal Law Issue.* It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). State law also determines the related questions of what events serve to commence an action and to toll the statute of limitations in such cases. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *see also Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). In *Walker,* the Supreme Court required federal courts sitting in diversity to apply state service requirements that were an "integral part of the state statute of limitations" in actions based on state law. 446 U.S. at 752–53, 100 S.Ct. at 1986. The Court held that where no federal rule had displaced state tolling statutes

either expressly or by fair implication, federal courts were required to follow the relevant state procedures governing service of process in diversity cases.

With these principles in mind, we hold that, as a matter of federal law, section 203(b)(5) may be applied in federal diversity suits. By making the length of the limitations period depend on the manner in which a plaintiff attempts to effect service, section 203(b)(5) constitutes an "integral part" of New York's statute of limitations. Since federal law neither offers an alternate method of obtaining the statutory extension nor states a conflicting rule of procedure implicitly prohibiting the availability of the statute in diversity suits, federal courts may give a state service provision like section 203(b)(5) full legal effect. *See Walker v. Armco Steel Corp.,* 446 U.S. at 750–51, 100 S.Ct. at 1985–86. Further support for recognizing the availability of the sixty-day extension in diversity suits is derived from *York*'s broad command that "the outcome of litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." 326 U.S. at 109, 65 S.Ct. at 1470. Having complied with the literal terms of section 203(b)(5), the appellants would have succeeded in tolling the statute of limitations had they brought their claim in state court. Although the Court in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), clarified *York*'s outcome-determination test, ruling that it should be read with reference to the twin goals of discouraging forum-shopping and avoiding inequitable administration of the laws, we believe that these additional considerations bolster the conclusion that section 203(b)(5) is available to federal diversity litigants. We can identify no federal policy preventing a federal court from granting the extension in a diversity suit.

In contesting the availability of section 203(b)(5), Abel Leasing contends that con-

---

county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last

resided, been employed or been engaged in business, or in which the cause of action arose; ... provided that: 1) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision. ...

N.Y.Civ.Prac.Law § 203(b)(5).

siderations of comity make it inappropriate to apply to federal court actions a state statute that assigns state officials a role in initiating a lawsuit. At the outset, we note that the role delegated to state officials is only the nominal one of serving as the repository of the summons, a role that serves the beneficial purpose of providing ready confirmation that the required delivery occurred. Although the sheriff to whom the summons is delivered will likely be the official who effects service of process, the statute does not impose this duty.[2] More fundamentally, we observe that whatever tasks are imposed upon state officials by section 203(b)(5) result from New York's legislative decision. Though comity issues might arise in extreme situations from federal law imposition of duties upon state officials, *but see Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947) (state courts obliged to adjudicate federal cause of action), these considerations do not preclude a state from assigning its officials duties in aid of federal lawsuits, at least in the absence of an attempt to assign duties that risk impairment of federal interests. On the contrary, more serious concerns would arise if a state sought to act in a manner that discriminated against federal lawsuits. *Cf. Madisonville Traction Co. v. Saint Bernard Mining Co.,* 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462 (1905) (state cannot withdraw suit based on state-protected rights from cognizance of federal court sitting in diversity).

2. *State Law Issue.* Turning to the issue of whether section 203(b)(5) should be construed, as a matter of state law, to apply to diversity suits, we find nothing in the text of the statute that confines its effect to state court suits. Nor have we located any legislative history suggesting such a limitation. Though it is likely that the New York legislature adopted the helpful provisions of section 203(b)(5) with state court plaintiffs primarily in mind, we see no basis for concluding that the statute should be interpreted to render its benefits unavailable to diversity plaintiffs suing in federal court.

Since literal compliance with section 203(b)(5), as occurred in this case, suffices to lengthen the limitations period and render the suit timely, we express no view on whether the statute could be interpreted to create an alternative procedure whereby federal marshals and federal court clerks may fill the roles specified for county sheriffs and county clerks.[3] We also need not determine whether Robert Oiler and Abel Leasing are parties "united in interest" such that service of process on Abel Leasing served to toll the statute of limitations as to Oiler. Though the appellants raised this issue below, the District Court did not consider it.

Accordingly, the judgment of the District Court dismissing the complaint is reversed, and the case is remanded for further proceedings consistent with this opinion.

---

**2.** In the instant case, the summons was served on Abel Leasing by the sheriff of Franklin County, Ohio, not by the sheriff in New York to whom the summons was originally delivered.

**3.** We note that several district courts have held that the filing of the complaint with a federal court clerk (in counties within New York City) or the delivery of the summons to a federal marshal (in counties outside New York City) amounts to sufficient compliance with section 203(b)(5) to trigger the sixty-day extension. *See Levy v. Pyramid Co. of Ithaca,* 687 F.Supp. 48, 53 (N.D.N.Y.), *aff'd,* 871 F.2d 9 (2d Cir.1988); *Gold v. Jeep Corp.,* 579 F.Supp. 256, 258 (E.D.N.Y.1984) (allowing filing with federal court clerk in county outside New York City); *Aro v. Li-* *chtig,* 537 F.Supp. 599, 600 (E.D.N.Y.1982); *Florence v. Krasucki,* 533 F.Supp. 1047, 1050–51 (W.D.N.Y.1982); *Phoenix Mutual Life Insurance Co. v. Cervera,* 524 F.Supp. 70, 72–73 (E.D.N.Y. 1981); *St. Denis v. Somerset,* No. 80–822 (N.D. N.Y. Oct. 7, 1981); *Somas v. Great American Insurance Co.,* 501 F.Supp. 96, 97 (S.D.N.Y. 1980); *Zarcone v. Condie,* 62 F.R.D. 563, 568 (S.D.N.Y.1974); *Bratel v. Kutsher's Country Club,* 61 F.R.D. 501, 502 (S.D.N.Y.1973); *Myers v. Slotkin,* 13 F.R.D. 191, 194 (E.D.N.Y.1952); *Nola Electric Co. v. Reilly,* 93 F.Supp. 164, 170 (S.D.N.Y.1949). *But see Cherpak v. Newell Manufacturing Corp.,* 720 F.Supp. 19 (E.D.N.Y.1989) (section 203(b)(5) not applicable where plaintiff elects to bring state law claim in federal court).