
John CHERPAK and Jenney
Cherpak, Plaintiffs,

v.

NEWELL MANUFACTURING CORP.,
a/k/a Newell Industries, Inc., Texas
Shredder Parts and Van Gorp Corp.,
Subsidiary of Emerson Electric Co., De-
fendants.

NEWELL MANUFACTURING CORP.,
Third–Party Plaintiff,

v.

GERSHOW RECYCLING INC.,
Third–Party Defendant.

No. CV 88–4034.

United States District Court,
E.D. New York.

Jan. 5, 1990.

Blume, Easton & Clark by: Alan W. Clark, Levittown, N.Y., for plaintiffs.

Flynn, Gibbons & Dowd by Lawrence A. Doris, New York City, for defendant/third party plaintiff Newell.

Waxman, Miller & Trautwig, P.C. by Kenneth P. Morelli, Great Neck, N.Y., for defendant Texas Shredder Parts.

Javits, Robinson, Brog, Leinwald & Reich, P.C. by Jeffrey W. Hermann, New York City, for defendant Van Gorp Corp.

Raymond C. Green, New York City, for third-party defendant Gershow.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs John and Jenney Cherpak commenced this personal injury lawsuit seeking recovery for injuries allegedly sustained when John Cherpak suffered an on the job injury. Named as defendants are Newell Manufacturing Corp. ("Newell"), Texas Shredder Parts ("TSP"), and Van Gorp Corporation ("Van Gorp"). Newell, the manufacturer of the machine that allegedly injured plaintiff, has commenced a third party action against Gershow Recycling, John Cherpak's employer.

This Court had previously granted defendants Van Gorp's and TSP's motions to dismiss the complaint as to them on the ground that the statute of limitations had run and plaintiffs had not properly effected service. *Cherpak v. Newell*, 720 F.Supp. 19 (E.D.N.Y.1989). In light of the Second Circuit's recent decision in *Personis v. Oiler*, 889 F.2d 424 (2d Cir.1989), this Court granted plaintiff's motion to reargue.

In *Personis*, the Second Circuit held that section 203(b)(5) of New York's Civil Practice Law and Rules ("section 203(b)(5)"),

which provides plaintiffs with a sixty day extension of the applicable statute of limitations upon the delivery of a summons to a designated official and thereafter having the summons served within the sixty day period, applies in federal diversity suits. *Personis*, 889 F.2d at 426–27. While acknowledging the applicability of section 203(b)(5) in federal diversity suits, for the reasons stated below, this Court finds that plaintiffs' noncompliance with that statute compels the same result as before. Accordingly, defendants' motions to dismiss are granted.

## I. *Background*

A brief reiteration of the facts in this case is in order. As noted above, plaintiffs seek to recover damages for injuries which were allegedly caused by an on the job accident. The accident occurred on February 6, 1986 in Suffolk County, New York. On February 3, 1989, three days prior to the expiration of the applicable three year statute of limitations, plaintiffs filed their complaint against defendant TSP with the Clerk of the Court, under civil docket number 89–0416. On February 6, 1989, a complaint against defendant Van Gorp was filed, under civil docket number 89–0428. After filing these pleadings, plaintiffs attempted to effectuate service on defendants pursuant to New York's Business Corporation Law ("BCL"). N.Y.Bus. Corp.L. § 306 (McKinney 1986). As pointed out in this Court's earlier decision, service was not completed until after the expiration of the three year statute of limitations, but prior to sixty days after that expiration. It is to be noted that none of the docket sheets in these consolidated actions indicate that a summons was filed with the Clerk of the Court as to either Van Gorp or TSP.[1]

## II. *Discussion*

Under New York law a claim is "interposed" and the statute of limitations is tolled when the defendant is served. N.Y. Civ.Prac.L. & R. § 203(b) (McKinney 1972). New York law also provides, under certain circumstances, for a tolling of the statute of limitations if the plaintiff delivers the summons to an appropriate public official and thereafter serves the defendant within sixty days after the statute of limitations would otherwise have expired. More specifically, section 203(b)(5) states that if a summons is delivered to the sheriff of a county outside of the City of New York or the Clerk of the County within the City of New York, plaintiff's claim will be interposed as of the date of delivery so long as plaintiff properly serves the defendant within sixty days of the running of the applicable statute of limitations. Thus, in this case, section 203(b)(5) would call for delivery of the summons to the sheriff of the county where the cause of action arose. *See* N.Y.Civ.Prac.L. & R. § 203(b)(5) (McKinney 1972 & Supp.1990).

In the wake of the *Personis* decision, it is clear that so much of this Court's earlier opinion which rejected application of section 203(b)(5) in federal diversity suits is overruled. *See Personis, supra.* The Second Circuit stated that "as a matter of law, section 203(b)(5) may be applied in federal diversity suits." *Personis*, 889 F.2d at 426. However, in *Personis* the Court also stated that its holding was directed only to situations in which the plaintiff had complied *literally* with section 203(b)(5). *Personis*, 889 F.2d at 427. The plaintiff in *Personis* had, in fact, delivered a copy of the summons to the sheriff of Herkimer County in order "to obtain the statutory extension provided by section 203(b)(5)." *Personis*, 889 F.2d at 425. In the instant case, no such compliance with the statute was even attempted.

Plaintiffs argue, based on case law from a group of district courts which have so held, that substituting a federal official for the receipt of the summons is acceptable to trigger the section 203(b)(5) extension, and

---

1. The docket sheets for civil docket numbers 89–0416 (initiated against TSP) and 89–0428 (initiated against Van Gorp) do not show any entry for a summons, other than when it originally issued *to* the plaintiff upon the filing of the complaint. In addition, the only summons entered on the docket sheet in number 88–4034 (under which all the actions were consolidated) is the summons executed as to third party defendant Gershow Recycling.

that the filing of the summonses with the Clerk of the Court herein accomplishes that aim. *See, e.g., Gold v. Jeep Corp.*, 579 F.Supp. 256, 258 (E.D.N.Y.1984) ("service of the summons upon the Clerk of this Court is equivalent"); *Aro v. Lichtig*, 537 F.Supp. 599, 600 (E.D.N.Y.1982) (filing of the summons and complaint with the Clerk of the Court *and* subsequent delivery to a U.S. Marshal held equivalent to statutory requirement); *Somas v. Great American Insurance Co.*, 501 F.Supp. 96, 96–97 (S.D.N.Y.1980) (filing of the *complaint* in federal court held to be equivalent); *Zarcone v. Condie*, 62 F.R.D. 563, 567–68 (S.D.N.Y.1974) (delivery of the summons and complaint to U.S. Marshal triggered the 60–day extension of section 203(b)(5)). Inasmuch as the Second Circuit did not rule on this issue in *Personis*, this Court finds that under the facts of this case section 203(b)(5) may not be relied upon by plaintiffs.

As an initial matter, it appears that several district courts have allowed for various alternative methods by which parties have gained the section 203(b)(5) extension. In addition to those examples cited above, the court in *Levy v. Pyramid Co. of Ithaca* implied that the filing of the complaint with the district court would suffice. 687 F.Supp. 48, 53 (N.D.N.Y.1988), aff'd on other grounds, 871 F.2d 9 (1989). However, this Court is bound only by the recent Second Circuit decision in *Personis*, which clearly stated that "literal compliance with section 203(b)(5), ... suffices to lengthen the limitation period." *Personis*, 889 F.2d at 427. In light of the aforementioned district court cases, it is worthy of repeating that section 203(b)(5) requires, in a county outside the City of New York, delivery of the *summons* to the sheriff of that county in which "the defendant resides, is employed or is doing business ... or in which the cause of action arose." N.Y.Civ.Prac.L. & R. § 203(b)(5) (McKinney 1972 & Supp.1990).

As a general rule, this Court finds that absent literal compliance with the statute, plaintiffs are not entitled to the section 203(b)(5) extension. In answering this question, which the Second Circuit was not required to reach in *Personis*, this Court restates its position taken in its last order of the instant case. *See Cherpak*, 720 F.Supp. at 21–22. Acknowledging application of section 203(b)(5) in a federal forum does not necessarily imply approval of judicial alteration of a state statute. *Id.* Parties who choose to litigate a state law claim in a federal forum should receive the same legal treatment they would receive in the state forum. *Id.; see Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Walker v. Armco Steel*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Such is not the case when courts fashion their own various procedures in an attempt to apply a state statute. For instance, by allowing a federal diversity plaintiff to gain the sixty day extension of the state statute by filing the summons with the Clerk of the Court, or perhaps even just the complaint itself, the extension applies in almost every case without any "extra"—albeit ministerial—step as required by the statute. *See* N.Y.Civ.Prac.L. & R. 203(b)(5) (McKinney 1972 & Supp. 1990). This clearly would not be reflective of the principle drawn from *Erie* and *Walker* that litigants deserve the same legal treatment in state and federal forums. *See supra.*

Although mindful of the numerous district courts which have deemed some variation of the statute to be the equivalent of section 203(b)(5),[2] this Court finds that such a trend promotes uncertainty and forum shopping. The statute of limitations exists to create "a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." *Walker*, 446 U.S. at 751, 100 S.Ct. at 1985–86. The Second Circuit has held that since section 203(b)(5)

---

**2.** The reader is directed to note 3 at page 204 of the Second Circuit's decision in *Personis v. Oiler,*

889 F.2d 424, and the cases cited therein.

is such an "integral part" of New York's statute of limitations, it applies in federal diversity suits. *Personis*, 889 F.2d at 426–27. To allow plaintiffs to manipulate the state provision and gain the statutory privilege through less than clear compliance with the law does not show respect for comity, nor does it support the fairness discussed by the Supreme Court in *Walker. See supra.* It appears to this Court that, for whatever reason, section 203(b)(5) requires the plaintiff to perform an added procedure in order to obtain the extension. The cumulative effect of the aforementioned judicial alterations of the statute, successfully utilized by federal diversity plaintiffs, is to destroy any kind of extra step by which to gain the extension. Plaintiffs seek the protection of the sixty day extension, and the Court does not see why they put themselves at risk by not complying with the statute which provides it. Accordingly, this Court finds that plaintiffs' failure to comply with section 203(b)(5) prevents them from enjoying the extension of that statute.

It must be further noted that were this Court inclined to approve of the filing of the summons with the Clerk of the Court to satisfy section 203(b)(5), as plaintiffs urge, it is not at all clear that plaintiffs have actually done so in the case at bar. As discussed above, there is precedent for such a substitution, but it does not appear that plaintiffs have successfully accomplished it. *See, e.g., Gold*, 579 F.Supp. at 258; *Somas*, 501 F.Supp. at 96–97. As indicated in note 1 above, none of the docket sheets indicate an entry for a summons served on either defendant TSP or Van Gorp. Plaintiffs assert that both the summons and complaint were filed with the Clerk of the Court; defendants correctly argue that if such were the case, the summonses would be entered on the appropriate docket sheets. Plaintiffs appear to be claiming that the issuing of the summons, upon the filing of the complaint, was the "filing" needed to gain the section 203(b)(5) extension. If this were all that was needed, every federal diversity plaintiff would gain the extension upon the mere filing of the complaint. Consequently, even under the liberal interpretations utilized by other courts, plaintiffs herein would be denied the extension.

### CONCLUSION

For the reasons stated above, defendants TSP's and Van Gorp's motions to dismiss the complaint, on the grounds that the statute of limitations has run and for failure to properly effect service, are granted. Such a ruling does not close this case since another defendant, Newell Manufacturing, remains along with the third party complaint.

SO ORDERED.