**CONTINENTAL INSURANCE COMPANY, a/s/o Meyer Laufer and Gerald Newman, Plaintiffs,**

v.

**Benjamin NARVAEZ, Defendant.**

No. 91–CV–2286.

United States District Court, E.D. New York.

April 9, 1992.

---

Cozen & O'Connor, New York City, for plaintiffs.

Pizzitola & DiBlasi, P.C., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

The above-referenced action is before the Court to decide Benjamin Narvaez' ("defendant") motion to dismiss on the ground that the statute of limitations has run. The Court grants defendant's motion for the reasons stated below.

### I. *Background*

The complaint in the above action arises out of a fire that occurred on September 15, 1988 in an apartment occupied by defendant. Continental Insurance Company's ("plaintiff") insureds, Meyer Laufer and Gerald Newman, were the owners of the premises. Plaintiff paid its insureds $188,-510.00 as a result of the fire and became subrogated to the extent of that payment to their right of recovery. In the complaint, plaintiff seeks recovery of the aforesaid sum based upon defendant's purported negligence.

Prior to filing the complaint, plaintiff undertook a considerable search to locate defendant. For example, plaintiff contacted defendant's insurance company, the U.S. Post Office, and finally, plaintiff hired a private investigator. The private investigator located a man named Mr. Narvaez. When the complaint was filed in this Court on June 24, 1991, a summons was issued for Mr. Narvaez. Service of the summons was made to the Mr. Narvaez whom the private investigator had located and the summons was filed with the Clerk of this Court on July 23, 1991. However, it was later determined that the man served was not defendant.

When plaintiff became aware that it had served the wrong individual, plaintiff requested that defendant's counsel accept service on his behalf, but defendant's counsel declined. At this point, the statute of limitations had nearly expired. Thus, plaintiff commenced an action in the Supreme Court of Kings County and then filed the summons with the Clerk of that Court in an apparent effort to avail itself of the sixty day extension provided for in New York Civil Practice Law and Rule section 203(b)(5) ("section 203(b)(5)"). The summons was filed with the Clerk on September 16, 1991, the first business day after September 15, 1991.

Thereafter, plaintiff requested authority from Magistrate Judge Caden to serve the complaint on Allstate Insurance Company ("Allstate"), defendant's insurer, in substitution for defendant. Magistrate Judge Caden granted the request in mid-October of 1991. Plaintiff effected substitute service on Allstate on October 24, 1991.

## II. *Discussion*

■ Where, as here, federal jurisdiction is invoked on the basis of diversity of citizenship, the federal court must look to the applicable statute of limitations of the state in which it sits. *Guaranty Trust Co. v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). The parties do not dispute that New York Civil Practice Law and Rule section 214(4), providing that "an action to recover damages for injury to property ... must be commenced within three years [of accrual]," applies to the instant action. It is also undisputed that the cause of action accrued on September 15, 1988 and that substitute service was effected on October 24, 1991. What is in dispute is whether section 203(b)(5), providing for sixty additional days beyond the statute of limitations in which to serve defendant, was triggered. The Court finds for the reasons below that it was not.

■ Section 203(b)(5) provides, in relevant part, that the defendant may be served with the summons within sixty days after the expiration of the statute of limitations if the following conditions are met before the limitations period has expired: if the cause of action arose in New York City, the summons must be filed with the Clerk of the county where the cause of action arose; if the cause of action arose outside of New York City, the summons must be filed with the sheriff of the county where the cause of action arose.

■ It is well established that the sixty day extension provided for in section 203(b)(5) applies to actions in federal court. *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir.1989). For example, delivery of a summons in a federal diversity suit to the appropriate state sheriff triggers section 203(b)(5). *See id.* In this case, plaintiff contends that section 203(b)(5) was triggered when plaintiff commenced an action with the Supreme Court of Kings County and then filed the summons with the Clerk of that court. However, the Court has found no authority, nor has plaintiff offered any, in support of the proposition that the filing of a summons invoking the jurisdiction of another court, in this case the State Supreme Court, triggers the sixty day extension afforded by section 203(b)(5) for an action in a federal court.

In fact, the history of the sixty day extension indicates that it was meant to provide an additional period in which the sheriff (or clerk) or the plaintiff could effectuate service of the summons in order to obtain jurisdiction in the action in which the complaint was filed. *See Arce v. Sybron Corp.*, 82 A.D.2d 308, 315, 441 N.Y.S.2d 498, 503 (App.Div.1981). The filing of a summons in a different action, as here, is meaningless in view of that purpose.

■ Moreover, in *Personis*, which established the applicability of section 203(b)(5) to federal court actions, and which held that delivery of a summons for a *federal* action to a state official will trigger section 203(b)(5), the Court noted that considerations of comity do "not preclude a state from assigning its officials duties in aid of *federal* lawsuits." *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir.1989) (emphasis added). Thus, *Personis* only contemplated delivery of a summons to a state official under section 203(b)(5) if the summons was for the federal action in which the complaint had been filed. In this case, the summons filed with the Clerk was for a different, state action. For this reason and for the reasons stated above, the Court finds that section 203(b)(5) does not encompass the filing of a summons in a state action as a ground for extension of the statute of limitations in a federal action.

■ The Court also notes that it is well settled in this district that a plaintiff obtains the benefit of section 203(b)(5) in a diversity action by filing the summons with the clerk of the federal court. *Milano v. Freed*, 767 F.Supp. 450, 455 (E.D.N.Y. 1991); *Gold v. Jeep Corp.*, 579 F.Supp. 256, 258 (E.D.N.Y.1984). That is, in a diversity action, whether in or out of New York City, the district court serves as the depository for a summons in the same way that the sheriff or the Clerk of the court does in a state action. *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1304 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 149, 112

L.Ed.2d 116 (1990). As a result, plaintiff in this action would have been entitled to the additional sixty days by having filed a proper summons with the Clerk of this Court within the limitations period. *See id.* However, plaintiff failed to do so and is therefore not entitled to an extension on this ground.[1]

       In sum, a federal diversity plaintiff may benefit from 203(b)(5) if he or she either delivers the federal summons to a state official within the limitations period, *Personis*, 889 F.2d at 426, or files the federal summons with the Clerk of the district court within the limitations period. *Datskow*, 899 F.2d at 1303. Plaintiff delivered a state summons to a state official and did not file the proper federal summons in federal court. Accordingly, the Court finds that this action was not commenced within the limitations period and should be dismissed.

### III. *Conclusion*

The Court grants defendant's motion to dismiss this action for the reasons stated above.

    SO ORDERED.

---

**1.** Upon the filing of a complaint in federal court, the Clerk issues a summons and delivers it to the plaintiff who is then responsible for serving the summons and a copy of the complaint. Fed.R.Civ.P. 4(a). If the plaintiff chooses to invoke the benefit of section 203(b)(5), he or she must file the summons with the Clerk subsequent to this issuance. *See Gold*, 579 F.Supp. at 258.

In the instant action, a summons was issued and filed but, as noted above, it had been served on the wrong Mr. Narvaez. Thus, this filing has no bearing on the discussion herein. A proper summons for the purposes of 203(b)(5) was never filed. Moreover, the mere issuance of the original summons is insufficient for plaintiff to invoke section 203(b)(5). *See Cherpak v. Newell Mfg. Corp.*, 728 F.Supp. 97, 100 (E.D.N.Y.1990); *cf. Datskow*, 899 F.2d at 1304 (federal court is *depository* for summons). If the Court were to hold otherwise, every federal diversity plaintiff would gain the sixty day extension upon the mere filing of a complaint in federal court.