**Ivan R. BELLOTTO, Plaintiff,**

v.

**SKI ROUNDTOP, INC.,
et al., Defendants.**

**No. 92 CIV. 0458 (CLB).**

United States District Court,
S.D. New York.

July 27, 1992.

---

**316**

Robert Folchetti, Stockfield & Fixler, Carmel, N.Y., for plaintiff.

Sarah Jarosak, Chesney, Murphy & Moran, Westbury, N.Y., for defendants.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

In this diversity personal injury case regulated by New York Law, plaintiff has discontinued voluntarily as against all defendants except Ski Windham Operating Corp. The sole remaining defendant now moves for summary judgment in its favor pursuant Fed.R.Civ.P. 56 on the ground that the action is barred by the statute of limitations. Alternative relief which need not concern us also is sought in the motion.

Mr. Bellotto sues to recover damages for personal injuries allegedly sustained on January 21, 1989 as a result of a skiing accident at defendant's premises located at Windham, in Greene County, New York.

The summons and verified complaint were filed in the Office of the Clerk of the *Southern* District of New York on January 21, 1992, on the last day prior to the expiration of the applicable three year limitations period under New York law. Service was effected on the defendant more than three years after the claim accrued. Such service was effected by delivery of the summons and complaint to the Secretary of State at Albany, New York on January 27, 1992, 6 days after the applicable Statute of Limitations had expired.

The sole issue on the motion is whether under the circumstances of this case the plaintiff may receive the benefit of New York C.P.L.R. § 203(b)(5), which provides a limited 60 day tolling period if the provisions of that statute are satisfied.

The sole remaining defendant is a New York corporation having its sole place of business in the Town of Windham, County of Greene, State of New York, where the claim arose. It does not conduct business anywhere else, and its officers, directors and persons authorized to accept service of process are not located or regularly found within the eight counties comprising the Southern District of New York, the County of Greene having been removed by Congress from this district in 1975. That one of them might conceivably be served with process within the Southern District because of a transitory passage on some fortuitous occasion, may be assumed, but is not considered relevant by the Court.

Section 203(b)(5) of the New York C.P.L.R. provides in relevant part for a tolling period of 60 days when:

"5. The summons is delivered to the sheriff of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; *or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose;* provided that; (i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision; or...." (emphasis added).

Essentially, defendant argues and this Court agrees, that plaintiff is not entitled to the tolling benefits of § 203(b)(5) of the New York C.P.L.R. because the summons was not filed with the Clerk of the United States District Court of the Northern District of New York.

In *Gold v. Jeep Corporation,* 579 F.Supp. 256 (E.D.N.Y.1984) (Altimari, J.), the Court held that:

"... we find that service of the summons upon the clerk of this Court is equivalent to service upon the County Clerk of the several counties within this district, in-

cluding Suffolk County. There is one Eastern District of New York serviced by two courthouses, either of which may be utilized for the commencement of actions in filing of papers. The clerk of the court is, for our purposes, the clerk for all counties within the district notwithstanding that through financial and other restraints he is not located physically within these counties." *Id.* at 258.

The holding in *Gold* has been read literally by most district courts in this circuit and was cited with approval by our Court of Appeals in *Datskow, infra.* In *Levy v. Pyramid Co. of Ithaca*, 687 F.Supp. 48 (N.D.N.Y.1988), *aff'd*, 871 F.2d 9 (2d Cir. 1989), the court considered whether filing in the District Court of Maryland, in a case thereafter transferred to the Northern District of New York for want of *in personam* jurisdiction in Maryland, would confer the benefits of § 203(b)(5). Chief Judge McCurn held:

"As Pyramid correctly points out, though, that statute has not been interpreted to allow plaintiff the benefits thereunder *unless* the complaint is filed with the district court clerk located in the county where defendant resides, is employed or is doing business, etc. (citing cases). Here, Pyramid does not reside in Maryland, nor does it do business there. In addition, the cause of action did not arise there. Plaintiffs are, therefore, not entitled to the benefit of § 203(b)(5)". *Levy*, 687 F.Supp. at 53 (emphasis in original).

The action in *Levy* was dismissed as time barred. In *Young v. Clantech, Inc.*, 863 F.2d 300 (3rd Cir.1988), *mandamus denied*, 489 U.S. 1009, 109 S.Ct. 1179, 103 L.Ed.2d 245 (1989), cited with approval by the Second Circuit in *Levy*, the court, applying New Jersey law, held that "the timely filing of a case in a court which lacks personal jurisdiction over a defendant *does not* toll the statute of limitations". *Young*, 863 F.2d at 301 (emphasis in original).

In *Personis v. Oiler*, 889 F.2d 424 (2d Cir.1989), our Court of Appeals (Newman, C.J.) held that § 203(b)(5) of the New York C.P.L.R. applies to a diversity case and was complied with literally and effectively by delivery of the summons and complaint in that case to the Sheriff of Herkimer County. The Court of Appeals expressed no view as to whether alternative procedure would allow federal marshals or federal court clerks to fill the roles specified for county sheriffs and county clerks in the statute, but cited a number of cases, including *Levy, supra,* and *Gold, supra,* which had reached that conclusion.

In *Personis* the Court of Appeals also held that state statutes of limitations govern the timeliness of state law claims under federal diversity jurisdiction, and that state law also determines the related questions of what events serve to commence an action and to toll the statute of limitations, citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). This rule, which is an offshoot of *Erie*, is of constitutional magnitude. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Guaranty Trust Co. v. New York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

In deference to *Erie* principles, and in order to discourage forum shopping, we must consider how the New York courts construe the statutory requirement as to which sheriff can be served in a particular case. In *Arce v. Sybron Corp.*, 82 A.D.2d 308, 441 N.Y.S.2d 498, 504 (2d Dept.1981), the court reviewed the historical role of the sheriff in connection with civil process and held:

"Since it is conceivable that the named persons [who may receive service of process for a corporation] might be 'found' at various times anywhere within the State, it has been suggested that C.P.L.R. 203 may be read to extend the Statute of Limitations for 60 days upon delivery of the summons to an officer specified in C.P.L.R. 203 Subd. b, par. 5, in any county in the state. (1 *Weinstein–Korn–Miller*, NY Civ.Prac. para. 203.17). The *Weinstein–Korn–Miller* treatise attempts to resolve the ambiguity by concluding that, 'a more sensible approach would limit compliance to a

county where one of the corporation's officers or employees who can be served has either his dwelling or his place of business. Some limitation is implied in the text of paragraph 5 since the phrase "in a county in which it may be served" is redundant if every county in the state is included. (citations omitted)'. The issue, then, is whether the foregoing interpretation of the statute should be adopted by this court."

\* \* \* \* \* \*

"It is our view that ... para. 5 of subd. b of C.P.L.R. 203, insofar as applicable to this case, must be construed as the *Weinstein–Korn–Miller* treatise has suggested, to require delivery of the summons to the sheriff of the county in which one of the officers, directors, employees, or agents of the corporation enumerated in subd. 1 of C.P.L.R. 311 either has his dwelling or place of business." *Arce, supra,* 441 N.Y.S.2d at 505.

In the *Arce* case, the filing had been made with the Westchester County Sheriff. The persons to be served and the principal office of the corporation were in Monroe County. The Supreme Court of the State of New York in Nassau County, in which the motion to dismiss was heard, can issue and serve process throughout the State of New York to obtain *in personam* jurisdiction over any defendant, as can this court acting pursuant to Fed.R.Civ.P. 4(f). Nevertheless, in *Arce,* the Court dismissed, holding that the attempted compliance with C.P.L.R. § 203(b)(5) failed to toll the statute of limitations.

Essentially, if we are to treat the issue before us in the same fashion as it would be treated in the state court, we must conclude, following the *Arce* decision and the decision of our own Court of Appeals in *Personis, supra,* that the filing with the clerk of this court was insufficient, as a matter of law, to toll the statute of limitations, because filing with the sheriff of any county in our district would be insufficient to toll the statute in the state court; and that filing in the Office of the Clerk in the Northern District of New York at any of its seven locations if accomplished, would

have been equivalent to delivery of process to the Sheriff of Greene County, and would therefore have been sufficient to toll the statute.

Plaintiff points to a more recent decision of the Court of Appeals, also decided by Judge Newman, *Datskow v. Teledyne,* 899 F.2d 1298 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990). In *Datskow,* the question, presented by an involved set of facts, was whether plaintiffs suing for wrongful death in an airplane crash had "sufficiently made clear" their intention to sue the manufacturer of the engine, Teledyne Industries, Inc., (named in their complaint as Teledyne, Inc Continental Products Division). Resolution of this issue turned on the related question of whether that defendant was amenable to *in personam* jurisdiction in the Western District of New York and had participated sufficiently in the proceedings to have waived lack of personal service of process, so that the action was timely.

Essentially, in *Datskow,* the statute of limitations issue was disposed of on a waiver or estoppel theory. *Datskow, supra,* at 1301 ("the defendant's conduct, and the circumstances of this case, precludes it from complaining about the absence of personal service").

The Court in *Datskow* went on to decide the issue noted but left open in the *Personis* case, *supra,* by upholding the rationale of a number of district court decisions cited in the text of *Datskow,* including *Levy, supra,* to the effect that "federal court plaintiffs may deliver a summons to the federal counterparts of the state officials designated in § 203(b)(5)." *Id.* at 1303. The Court in *Datskow* treated this issue as arising under federal law, under *Walker, supra.*

In support of this conclusion the court in *Datskow* uttered some rather far reaching dicta which conceivably could be read to bear upon the instant case. The court held:

"Section 203(b)(5) affords an extra 60 days beyond the normal limitations period when a summons is delivered to a designated state official within the normal limitations period and the summons

is served within the 60 day period. The delivery requirement is not precisely an aspect of the method of service, which would be governed by federal law, nor is its precise method of accomplishment so integral a part of the state's tolling requirement as to require literal compliance with state law. The statute seeks to assure that within the normal limitations period the summons is delivered to an official who can be relied upon to make an official record of its receipt, thereby avoiding disputes as to timeliness of delivery. Permitting federal counterparts to serve this function does not impair any state interest in establishing limitations on the time for suit."

"Judge Ryan made the point forcefully in the first of the line of district court decisions cited above:

'There is no requirement that a litigant in an action pending in federal court call upon the services of a state official to either protect, enforce or enjoy the privileges granted to him by local law. The test to be applied under the rationale of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is whether the litigant is receiving the same treatment that he would have in a state court, and this does not prevent a federal court from administering the state system of law in its own way in connection with "details related to its own conduct of business." *Nola Electric Co. v. Reilly,* 93 F.Supp. [164] at 170 [D.N.Y.1949] (quoting *Cohen v. Beneficial Industrial Loan Corp.* 337 U.S. 541, 555, 69 S.Ct. 1221, 1229–30, 93 L.Ed. 1528 (1949).'

'The further question, however, is whether the federal court clerk may serve as the counterpart, not of the relevant county clerk, but of the relevant county sheriff. Had this suit been filed in state court, the plaintiffs would have been obliged to deliver the summons to the county sheriff, the designated official when the relevant county is outside New York City. Then District Judge Altimari faced this problem in *Gold v. Jeep Corp.,* 579

F.Supp. 256 (E.D.N.Y.1984), where the summons was also delivered to the district court clerk and the relevant county was outside New York City. Sensibly relying on Judge Ryan's rationale in *Nola Electric,* Judge Altimari found the delivery to be sufficient compliance with Section 203(b)(5)':

'What particular individual or official shall be authorized to serve as the depository for receipt of the summons is ... a detail [that] does not affect substantial rights.'

Id. at 259–59. Judge Altimari was concerned that a contrary result would create two separate rules within the Eastern District, one for cases within New York City and another for cases outside New York City.

Though requiring delivery to the United States Marshal throughout the Western District would achieve a uniform rule, we agree with Judge Altimari that the clerk of a district court may serve as the depository for a summons, whether the relevant county is within or without New York City." *Datskow, supra,* at 1303–04.

Plaintiff argues, based on the language quoted above, that in a federal diversity case filing with just about anybody, in this case the Clerk of the Southern District, will be sufficient because public and objectively provable. However, this Court does not believe, as plaintiff suggests, that in *Datskow* the Court of Appeals intended to depart from its holding in *Personis,* citing *Hanna v. Plumer,* that the statute—*if literally complied with*—is available to federal diversity plaintiffs. *Personis,* 889 F.2d at 426, 427.

If we assume, as we must under the *Arce* case, that the State Supreme Court would conclude that delivery of the summons to any Sheriff other than the Greene County Sheriff was insufficient to comply with the Statute, then following the rationale of *Gold* and *Personis, supra,* we must conclude that filing with the Clerk of any district court other than the Northern District of New York, which includes Greene County, will also be insufficient to toll the

statute of limitations. To do otherwise would encourage forum shopping and lead to inconsistencies, resulting in inequities.

This Court finds no basis for concluding that recent amendments to the New York C.P.L.R. effective July 1, 1992, which provide that a lawsuit is commenced upon the filing of the summons and complaint with the Clerk of Court, have any effect on this case, as the amendments are not retroactive, and this case was filed before July 1, 1992.

Furthermore, this Court does not consider it relevant to the case whether Ski Windham does business or advertises or solicits business within the boundaries of the Southern District of New York. Such concepts which evoke the Long Arm Statute, New York C.P.L.R. § 302, have no relationship to the issue presently before the Court. This Court's civil process runs the entire breadth of the State of New York, as does the civil process of the Supreme Court of New York sitting in any of the eight counties of this district.

The motion for summary judgment is granted and the action is dismissed as time barred. The Clerk shall enter final judgment.

SO ORDERED.