709 A.2d 825

IRIS MITZNER AND BERNARD MITZNER, PLAINTIFFS–RE-
SPONDENTS, v. WEST RIDGELAWN CEMETERY, INC., DE-
FENDANT–APPELLANT, AND WIEN AND WIEN, INC., DE-
FENDANT.

Superior Court of New Jersey
Appellate Division

Argued May 13, 1998—Decided May 26, 1998.

Before Judges SHEBELL, D'ANNUNZIO and COBURN.

*Steven J. Tegrar,* argued the cause for appellant.

*James S. Lynch,* argued the cause for respondents (*Lynch and Lynch,* attorneys; *Mr. Lynch,* on the brief).

The opinion of the court was delivered by

COBURN, J.A.D.

We granted defendant West Ridgelawn Cemetery, Inc. ("Ridgelawn"), leave to appeal from a denial of its motion for summary judgment. The case poses this issue: may the two-year statute of limitations for personal injury actions, *N.J.S.A.* 2A:14–2, be tolled by the filing of a complaint in a court of another state when the "untimely" New Jersey action is filed after the first action has been dismissed for lack of personal jurisdiction but before the time

to appeal from the order of dismissal has expired. We hold that it may and that the trial judge, Sybil R. Moses, A.J.S.C, was correct in determining that under the circumstances of this case plaintiffs were entitled to a trial on the merits of their claim, which was for emotional distress caused by the negligent mishandling of a corpse, a well-recognized cause of action. *See Strachan v. John F. Kennedy Mem'l Hosp.*, 109 *N.J.* 523, 536–38, 538 *A.*2d 346 (1988). Therefore, we affirm.

The alleged mishandling of the corpse occurred during burial at Ridgelawn's cemetery on February 28, 1995. In April 1996, plaintiffs' attorney filed a complaint in the Supreme Court of New York, a court of general jurisdiction. Plaintiffs were residents of New York, and defendant Wien & Wien, Inc., maintained two "memorial chapels" in that state.

Although Ridgelawn's answer included the affirmative defense of lack of personal jurisdiction, it did not press the issue for over a year. On July 10, 1997, after the New Jersey statute of limitations had run, Ridgelawn obtained an order from the New York court dismissing the action for lack of personal jurisdiction. The order also dismissed the action against the other defendant, Wien & Wien, Inc., but that dismissal was based solely on the doctrine of *forum non-conveniens* and was expressly conditioned on a waiver of any statute of limitations defense to a promptly instituted New Jersey action. Plaintiffs' attorney was served with the order on July 18. Under New York law, the time to appeal did not expire until August 18. *N.Y. C.P.L.R.* 5513 (McKinney 1997). On August 7, plaintiffs' attorney obtained an order to show cause in the New York court for reargument of Ridgelawn's dismissal. The matter was scheduled for a hearing on September 2, but it was apparently not pursued because on August 15, 1997, plaintiffs' attorney filed the subject complaint in the Superior Court of New Jersey.

Our primary reference point for resolution of the issue is *Galligan v. Westfield Centre Serv., Inc.*, 82 *N.J.* 188, 412 *A.*2d 122 (1980), which involved these circumstances. Plaintiff filed a timely

complaint in the Federal District Court of New Jersey. Based on the absence of diversity, the defendants moved to dismiss for lack of subject matter jurisdiction. While the motion was pending, but twenty-two days after the statute of limitations had run, plaintiff filed the same cause of action in the Superior Court of New Jersey. The defendants successfully moved for dismissal in the state trial court on the theory that the statute of limitations had run. The Supreme Court reversed and reinstated the action. Its analysis began with this statement:

> Although statutes of limitations are of legislative origin, their harshness and lack of definitional clarity have led courts to develop a common law of limitations. The doctrines so fashioned attempt to implement fully the underlying legislative purposes to avoid the injustice which would result from a literal reading of the general statutory language.
>
> The most important of these purposes recognizes that *eventual repose* creates desirable security and stability in human affairs. Thus statutes of limitations compel the exercise of a right of action within a specific, reasonable period of time.
>
> [*Id.* at 191–92, 412 A.2d 122 (emphasis added) (citations omitted).]

In addition to providing eventual repose, the Court noted that statutes of limitations serve the additional purposes of stimulating litigants to pursue their cause of action diligently, so that answering parties will have a fair opportunity to defend, and sparing the courts from litigation of stale claims. *Id.* at 192, 412 A.2d 122. The Court held that those purposes were met by the timely filing of the case in the federal court and by the lack of any appreciable passage of time before the action was refiled in state court. *Id.* at 194, 412 A.2d 122.

The Court had this to say on the issue of repose:

> Defendants' repose in reliance upon the passage of time would not be justified in this case. While the federal action against them was still pending, defendants received notice that plaintiff was seeking redress in a State forum. Once the federal complaint was filed, defendants' *sense of security* could not *reasonably exist* before a dismissal. This is true despite the patent lack of federal jurisdiction. The principle of repose has its foundation in what Holmes called "the deepest instincts of man," not in abstract notions of jurisdiction. Prohibiting this plaintiff from vindicating his claims in a State forum would not advance the Legislature's desire for "security and stability in human affairs."
>
> [*Id.* at 194, 412 A.2d 122 (emphasis added) (citations omitted).]

As demonstrated by the language of the immediately preceding quotation, the first question for us is whether *Galligan* is limited to the circumstance where the action is still pending in the first jurisdiction when the New Jersey state court action is filed. A second question, suggested by *Young v. Clantech, Inc.*, 863 *F*.2d 300 (3rd Cir.1988), is whether *Galligan*'s equitable tolling principles are applicable when the initial, timely filing is with a court which lacks personal jurisdiction over the defendant.

With respect to the first question, only a narrow reading of *Galligan* would restrict its application to an action filed in this state while the first action is pending. *Dictum* supporting that view is found in *Knight v. Brown Transp. Corp.*, 806 *F*.2d 479, 485 (3rd Cir.1986). However, read broadly, which we believe is appropriate in light of New Jersey's frequent reference to equitable principles to relieve the harshness of statutes of limitations, 82 *N.J.* at 191, 412 *A*.2d 122, *Galligan* stands for the proposition that a defendant cannot rely on the passage of time alone but must demonstrate that the claimed sense of repose reasonably existed under all the circumstances. The Court's statement that defendants' "sense of security could not reasonably exist before a dismissal [of the federal action]," *id.* at 194, 412 *A*.2d 122, does not mean that the right to repose is always present after dismissal if the second action is not already filed. The Court was providing an explanation which fit the circumstances of that case and not a principle of limitation.

Our view in this regard is buttressed by the Court's reliance on *Burnett v. New York Cent. R.R. Co.*, 380 *U.S.* 424, 85 *S.Ct.* 1050, 13 *L.Ed.*2d 941 (1965). *Galligan*, 82 *N.J.* at 193, 412 *A*.2d 122. In *Burnett*, the plaintiff had filed an FELA action in state court. The case was timely but had to be dismissed because venue was improper. "[E]ight days *after* his state court action was dismissed, petitioner brought an identical action in the Federal District Court...." *Id.* at 425, 85 *S.Ct.* at 1053, 13 *L.Ed.*2d at 943 (emphasis added). The United States Supreme Court dealt with defendant's reliance upon its claim to a right of repose by noting,

"This policy of repose, designed to protect defendants, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights." *Id.* at 428, 85 *S.Ct.* at 1055, 13 *L.Ed.*2d at 945. The Court went on to make these observations:

> Considerations in favor of tolling the federal statute of limitations in this case are similar to those leading to an extension of the limitation period in the cases mentioned above. Petitioner here did not sleep on his rights but brought an action within the statutory period in the state court of competent jurisdiction. Service of process was made upon the respondent notifying him that petitioner was asserting his cause of action. While venue was improper in the state court, under Ohio law venue objections may be waived by the defendant, and evidently in past cases defendant railroads, including this respondent, had waived objections to venue so that suits by nonresidents of Ohio could proceed in state courts. Petitioner, then, failed to file an FELA action in the federal courts, not because he was disinterested, but solely because he felt that his state action was sufficient. Respondent could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that petitioner was actively pursuing his FELA remedy; in fact, respondent appeared specially in the Ohio court to file a motion for dismissal on grounds of improper venue.
>
> [*Id.* at 429–30, 85 *S.Ct.* at 1055, 13 *L.Ed.*2d at 946 (footnotes omitted).]

The United States Supreme Court also addressed the issue of when a defendant should be entitled to repose in circumstances where plaintiff is pursuing the action with reasonable diligence even though the second action is filed after the first action has been dismissed. It said:

> We further hold, under familiar principles which have been applied to statutes of limitations, that the limitation provision is tolled until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal. * * * We conclude that [such a rule] ... is fair to both plaintiff and defendant....
>
> [*Id.* at 435–36, 85 *S.Ct.* at 1058, 13 *L.Ed.*2d at 949–50.]

Although a reasonable argument can be made for using the doctrine of laches instead of the time for appeal, *id.* at 436–37, 85 *S.Ct.* at 1059, 13 *L.Ed.*2d at 950 (Douglas, J., concurring), we need not reach that issue since in this case the New Jersey action was filed before the time to appeal ran on the New York action. Therefore, we need go no further than to hold that tolling does not end before the time to appeal has expired.

In *Young v. Clantech, Inc., supra,* the Third Circuit held that *Galligan* should not be applied when the first action is filed in a

court which lacked personal jurisdiction of the defendant. It provided this explanation:

> While *Galligan* extended the equitable remedy of tolling the statute of limitations, it did not extend it so far as to encompass this case. Here, Young filed a complaint in a court which lacked *personal jurisdiction* over the defendant, a defect which is qualitatively different from filing in a court which has personal jurisdiction over the defendant, but lacks subject matter jurisdiction. The New Jersey Supreme Court has not extended the remedy of tolling to encompass such a defect, and we are unwilling, at this juncture, to predict that it would. Significant policy arguments would support a distinction between the two types of defects. Accordingly, we hold that Young is not entitled to the benefit of an equitable tolling of New Jersey's statute of limitations, and will affirm the district court's dismissal of her complaint.

[863 *F*.2d at 301.]

Although the court suggested that significant policy arguments support a distinction between the two types of defects, it did not spell them out. We do not perceive any. Indeed, if there is a distinction, the filing in a court without subject matter jurisdiction would seem to be the greater defect. *See Galligan, supra,* 82 *N.J.* at 195–200, 412 *A.*2d 122 (Pollack, J., dissenting) (emphasizing lack of authority for holding that statute is tolled by filing a complaint in court without subject matter jurisdiction).

In *Burnett, supra,* the United States Supreme Court buttressed its opinion by noting that the defense of improper venue is often waived in FELA cases. 380 *U.S.* at 429, 85 *S.Ct.* at 1055, 13 *L.Ed.*2d at 946. The defense employed here of lack of personal jurisdiction is also subject to waiver. *Hupp v. Accessory Distribs., Inc.,* 193 *N.J.Super.* 701, 709, 475 *A.*2d 679 (App.Div.1984). Moreover, if this defense is not raised by motion within ninety days after service of the answer, it is waived. *R.* 4:6–2, –3, –7. By contrast, subject matter jurisdiction may never be waived. *R.* 4:6–7.

In the instant case, the timely filing in New York and the service of process were " 'adequate to bring in the parties and to start the case on a course of judicial handling which ... [could have] lead to final judgment without issuance of new initial process....' " *Burnett, supra,* 380 *U.S.* at 426, 85 *S.Ct.* at 1053, 13 *L.Ed.*2d at 944 (citation omitted). In such circumstances,

absent a right to repose, we perceive no reason for barring plaintiffs from pursuing their action in New Jersey.

Affirmed.