784 A.2d 741 (2001)
345 N.J. Super. 218
John ZACHARIAS, Plaintiff-Appellant,
v.
WHATMAN PLC, Whatman Reeve Angel Inc., Whatman Inc., Whatman Specialty Products Inc., Edward Libbey and Lewis Metts, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 2001.
Decided November 21, 2001.
*742 Nancy Erika Smith, Montclair, argued the cause for appellant (Smith Mullin, attorneys; Ms. Smith, on the brief).
William H. Ewing of the Pennsylvania bar, admitted pro hac vice, Philadelphia, PA, argued the cause for respondents (Wolff & Samson, attorneys; Paul M. Colwell and Frank J. Kontely III, Roseland, on the brief).
Before Judges PRESSLER, WEFING and LESEMANN.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
On March 25, 1997, plaintiff John Zacharias filed a complaint in the Superior Court, Law Division, Essex County, alleging that his long-time employer, defendant Whatman P.L.C., had terminated his employment because of his age in contravention of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to 10:5-28, specifically 10:5-4. In the four and a half years since, there has been no address of the merits of that complaint. Rather, the action has been the subject of a variety of procedural maneuverings and procedural missteps that finally resulted in dismissal of the action on erroneous and insupportable procedural grounds. We now reverse the order of dismissal entered on April 11, 2000, and the order denying reconsideration of those orders entered on October 19, 2000, and we remand for further proceedings on the merits.
Plaintiff had, since 1959, been employed by defendant Whatman P.L.C., a British firm with substantial business operations in both New Jersey and Massachusetts. He rose through the ranks to a vice-president's position. In late 1994, when he was sixty-two years old, he was told by the company's chief executive officer that the American operations were being reorganized, that there would be no permanent place for him, that he would be kept on in a special projects/consulting position, and that he would be paid until the end of 1997 when he reached the age of sixty-five. Shortly thereafter, he alleges, the new president for the North American region told him to "take his paycheck on the golf course." Negotiations with the company proved unfruitful, and this complaint was accordingly filed in which plaintiff alleged both a "constructive termination" of employment as of January 1995 and a proposed actual termination schedule to ensue on January 1, 1998.
On May 2, 1997, shortly after being served with the complaint, defendant filed a notice of removal to the United States District Court for the District of New Jersey pursuant to 28 U.S.C.A. § 1446 on the basis of diversity, relying on plaintiff's New Jersey residence and Whatman's status as a British subject. On May 6, 1997, before defendant answered the complaint in the federal court, plaintiff filed therein an amended complaint, adding as defendants two senior executives of Whatman, *743 Edward Libbey, a resident of Massachusetts, and Lewis Metts, a resident of New Jersey. Defendant Whatman thereafter filed its answer to the amended complaint, and plaintiff then filed a motion for leave to file a second amended complaint for the purpose of adding as parties-defendant Whatman's three American subsidiaries and to allege a retaliation complaint based on Whatman's withdrawal of plaintiff's salary and other emoluments of employment following the filing of his original complaint and prior to the scheduled December 31, 1997, termination date. Plaintiff also at that time moved to remand the matter to the Law Division since the joinder of Metts precluded the requisite diversity. Whatman cross-moved for dismissal of the amended complaint based on the asserted running of the statute of limitations.
All these motions were heard by the federal district court judge on September 8, 1997. With respect to the statute of limitations, the judge was of the view that the cause of action was subject to a two-year statute of limitations which began to run on January 1, 1995, when plaintiff was relieved of his then position, and this despite his continued employment and the payment of his salary. It appeared that Whatman had agreed with plaintiff that in view of the ongoing negotiations, the statute of limitations would be tolled until March 31, 1997. Accordingly, the judge concluded that the complaint was timely as to Whatman but not as to Libbey, Metts, and the three subsidiaries, who, he concluded, had not been parties to that agreement. He thus dismissed the complaint as to all defendants but Whatman on limitations grounds. He also granted plaintiff leave to file a second amended complaint to add a retaliation cause of action. Finally, he denied plaintiff's motion for remand to the Law Division since the dismissal of the complaint as against all defendants other than Whatman restored diversity jurisdiction.
There matters stood until July 22, 1999, almost two years later, when the federal district court judge sua sponte entered an order dismissing the complaint stating "that plaintiff has not set forth a basis for this Court to exercise subject matter jurisdiction over the action...." The order apparently was not served on plaintiff, whose attorney fortuitously learned of its entry in conversation with the United States Magistrate on September 28, 1999. In response to that order, plaintiff, obviously regarding it as tantamount to a remand, filed an amended complaint in the Law Division under the original pre-removal docket number, including therein all the parties and all the causes of action attempted to have been raised in the federal action. The amended complaint, together with a summons addressed to all party defendants, was mailed to Whatman's attorney, who had appeared for all defendants in the federal action. Whatman again immediately filed a notice of removal to the federal court as well as filing an answer to that amended complaint in the federal court. Plaintiff again moved for an order of remand. On January 5, 2000, the federal judge, the same judge who had presided over the first removal proceedings, granted the remand motion by an order reciting his earlier dismissal of the action for want of federal subject-matter jurisdiction and noting that that earlier dismissal was entitled to preclusive effect on the subject-matter jurisdiction question. Defendants moved for reconsideration, pointing out, among other arguments, that when it had dismissed the action after the first removal, the court had, in effect, retained jurisdiction because it had not included an order of remand. The motion for reconsideration was, however, denied, the judge noting in his letter order that "[t]he correctness of a district court's decision *744 to dismiss, rather than remand, a previous action for lack of subject matter jurisdiction cannot be relitigated upon the removal of an identical later-filed action."
Before returning to the state court arena where the balance of the pre-dismissal action took place, we pause to note that we are somewhat mystified by the quoted statement of the federal judge in his denial of Whatman's reconsideration motion. We note that 28 U.S.C.A. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The shall-be-remanded language is uniformly interpreted as imposing a mandatory obligation upon the federal court to do so. See, e.g., International Primate Prot. League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87, 111 S.Ct. 1700, 1709-1710, 114 L.Ed.2d 134, 150 (1991); Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213-214 (3d Cir.1997); Moravian School Advisory Bd. of St. Thomas, V.I. v. Rawlins, 70 F.3d 270, 276 (3d Cir.1995); Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc., 999 F.2d 745, 751 (3d Cir.1993). Since there can be no question that the federal court dismissal following the first removal was based on lack of subject-matter jurisdiction, it accordingly appears that the federal judge was obliged to remand to the Law Division, and his failure to do so constituted an apparent clerical error correctable at any time on the court's or a party's motion. See Fed.R.Civ.P. 60(a), analogous to R. 1:13-1. In any event, while plaintiff would have been better advised to seek correction of the first federal dismissal order, his proceeding thereafter in the state court as if the required remand had been ordered is understandable.
Following the dismissal and remand attendant upon its second removal, defendants moved in the state court for dismissal of the amended complaint which plaintiff had there filed after the first removal and to which defendants had filed their answer in the federal court after the second removal. They argued that the statute of limitations barred the action as against all defendants and that in any case, since the federal action had been dismissed the first time around without a remand, the action in state court was no longer viable and thereafter a new complaint was necessary. The state court judge, relying on the federal court's statute of limitations decision prior to the first federal dismissal, by order entered on April 11, 2000, dismissed the amended complaint against all parties but Whatman, reserving as to Whatman. On the same day, however, he entered a second order dismissing as to Whatman not only because of his perceived failure of the complaint to state a cause of action but also "for failure to file said complaint on notice of motion, said filing being procedurally defective...." Defense counsel failed to serve the two orders on plaintiff's attorney, who discovered that the action had been dismissed only as a result of having later attempted to file a letter brief in opposition to defendants' motion. The dismissal orders were finally served on plaintiff in July 2000, a motion for reconsideration was timely filed calculating from the date of their service upon him, and following its denial, this appeal ensued.
As we view the matter, there are only two issues that need to be decided. The first is whether plaintiff's filing of an amended complaint rather than a new complaint after the first federal dismissal was so procedurally defective as to be fatal to the continuation of the action. The second is whether the state court judge was correct in relying on the federal judge's statute of limitations ruling and whether that ruling was correct.
We consider first the amended-complaint argument. At oral argument before us, defense counsel candidly conceded *745 that had a new complaint been filed rather than an amended complaint, the only argument remaining to it on that set of motions would have been the statute of limitations. Under the circumstances here, we regard the new complaint/amended complaint dichotomy to be a distinction without a difference and conclude that the trial court's contrary ruling constituted a mistaken triumph of form over substance.
We pass the issue of the error in the federal court's dismissal order, which was required to but which failed to remand. Obviously, had the action then been remanded, as it should have been, the filing of the amended complaint would have been unexceptionable. Nevertheless, what is significant is that the amended complaint was served with a new summons addressed to all parties. That service complied with the optional mail service alternative for serving initial process afforded by R. 4:4-4(c). And, as it turned out, that service was accepted by defendants, who both noticed for removal and then filed an answer, thus rendering the service, as service of initial process, good. Thus, whether characterized as an amended complaint or a new complaint, the fact remains that all the conditions for initial service of process were met. The only difference, therefore, was retention of the original state court docket number, a matter we cannot imagine as being of any import to defendants and certainly not prejudicial to them in any way.
Nor does the new complaint/amended complaint dichotomy have any consequence in respect of the statute of limitations. If the first federal dismissal were construed as effecting a remand to the state court because of the federal court's obligation to have done so, then clearly the amended complaint filed in the state court after the first federal dismissal would have been part of the original proceedings and clearly would have related back to the original pleadings, R. 4:9-3. The question then would simply be whether the first joinder or attempted joinder of each of the defendants was timely. If, on the other hand, the failure to remand in the first federal dismissal order could be construed as a break in the proceedings mandating a new rather than an amended complaint, the principles stated by the Supreme Court in Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 194, 412 A.2d 122 (1980), would fully protect plaintiff. Galligan held that the erroneous filing of a complaint in the federal court suspended the running of the statute of limitations for purposes of an ensuing state court action during the period in which the complaint was pending in the federal court. We have no doubt that plaintiff's joinder and attempted joinder of all defendants in the federal action suspended the running of the statute as to them during the pendency of the first federal action. Moreover, as we have noted, plaintiff's compliance with R. 4:4-4(c) and defendant's answer in response to that service cured any defect there may have been in filing an amended rather than a new complaint after the federal court dismissal.
What we are left with then is that by filing the amended complaint in state court after defendant had filed its answer in the federal court, plaintiff may have violated R. 4:9-1, which requires a motion for leave to amend after an answer has been filed, a violation, however, only if we assume that the answer filed in the federal court constituted an answer within the intendment of that rule. R. 4:9-1, however, expressly requires that leave to amend pleadings be "freely given in the interest of justice." Our courts have, moreover, continuously stressed the liberality with which that rule is to be applied. See, e.g., Kernan v. One Washington Park, 154 N.J. 437, 456-457, 713 A.2d 411 (1998); Hansen v. Hansen, 339 N.J.Super. 128, 140, 770 A.2d 1278 (App.Div.2001); Howard v. *746 Univ. of Medicine, 338 N.J.Super. 33, 37, 768 A.2d 195 (App.Div.2001); Marinelli v. Mitts & Merrill, 303 N.J.Super. 61, 77, 696 A.2d 55 (App.Div.1997). Liberality is, moreover, required irrespective of the stage of the proceedings at which the amendment is sought provided no adverse party is prejudiced thereby. See Adron, Inc. v. Home Ins. Co., 292 N.J.Super. 463, 475-476, 679 A.2d 160 (App.Div.1996); Coastal Group v. Dryvit Sys., Inc., 274 N.J.Super. 171, 180, 643 A.2d 649 (App. Div.1994), leave to appeal granted and remanded, 147 N.J. 574, 688 A.2d 1050 (1997). We regard it as a patent mistaken exercise of discretion for the state court judge, under the circumstances we have recited, not to have granted leave to amend nunc pro tunc.
With respect to the second question we have posed, it is first clear that once the federal judge determined that he had no subject-matter jurisdiction, any prior substantive rulings by him became a nullity, were retroactively vitiated, and, as such, were obviously not binding on the state court judge. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702, 710-711 (1951), Brown v. Francis, 75 F.3d 860, 864 (3d Cir.1996).
As to the merits of the statute of limitations question, we agree that the two-year statute of limitations applies to an age discrimination case. Montells v. Haynes, 133 N.J. 282, 627 A.2d 654 (1993). The issue, of course, is when the running of the statute commences. In Alderiso v. Medical Ctr., 167 N.J. 191, 770 A.2d 275 (2001), the Supreme Court held that the running of the statute is triggered on the last day for which the employee is paid. See also Holmin v. TRW, Inc., 330 N.J.Super. 30, 35-36, 748 A.2d 1141 (App.Div. 2000), aff'd o.b., 167 N.J. 205, 770 A.2d 283 (2001). Although Alderiso involved a claim under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8, we see no reason not to apply that holding to termination claims under the LAD as well. Since plaintiff was paid until May 1997, the statute of limitations did not run until May 1999, long after the original complaint was here filed and, indeed, after the filing in the federal court, after the first removal, of the first amended complaint and the motion for leave to file the second amended complaint. Consequently, the action is timely as to all defendants and this is so, as we have explained, whether or not a new complaint rather than an amended complaint was required after the first federal dismissal.
The two orders dismissing the complaint and denying the motion for reconsideration are reversed, and we remand for proceedings on the merits.