

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# Jaworowski v. Ciasulli

Precedential or Non-Precedential: Precedential

Docket No. 05-1423

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jaworowski v. Ciasulli" (2007). *2007 Decisions.* Paper 839.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/839

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1423

ANDRZEJ JAWOROWSKI,
Appellant

v.

ROBERT CIASULLI; BOB CIASULLI HONDA;
RP RICHARDS & SON; JOHN DOE 1-10 name being
fictitious, (representing one or more fictitious defendants)
ABC CORP 1-10 a name being fictitious, (representing one or
more fictitious corporations); XYZ PARTNERSHIP 1-10
(representing one or more fictitious partnerships)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 04-cv-01267
District Judge:  The Honorable Harold A. Ackerman

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2007

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Opinion Filed: June 18, 2007)

---

[*] The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Dennis S. Brotman, Esq.
Fox Rothschild
997 Lenox Drive
Princeton Pike Corporate Center
Building 3
Lawrenceville, NJ 08648

Counsel for Appellant


Mark P. Ciarrocca, Esq.
Ciarrocca & Ciarrocca
1155 West Chestnut Street
P.O. Box 303
Union, NJ 07083-0303

Counsel for Appellees

---

OPINION OF THE COURT

---

BARRY, Circuit Judge

Appellant, Andrezej Jaworowski, challenges the order of the District Court which dismissed his action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The District Court believed itself bound by our unwillingness to predict, in Young v. Clantech, Inc., 863 F.2d 300 (3d Cir. 1988), that the Supreme Court of New Jersey would toll the New Jersey statute of limitations for personal injury actions during the pendency of a suit brought in a court which did not have personal jurisdiction over the defendant. Because we find that what we said in Young is no longer accurate, we will reverse and

remand for further proceedings.[1]

## I.

In July 2001, Jaworowski, a New York resident, suffered a variety of injuries when the scaffold on which he was working collapsed. The accident occurred at Bob Ciasulli Honda, a car dealership owned and operated by Robert Ciasulli (collectively, "Ciasulli"), which is located in Jersey City, New Jersey and alleged to be a citizen of New Jersey for purposes of diversity jurisdiction.

Less than two years later, in January 2003, Jaworowski filed a complaint against Ciasulli and another defendant in the Supreme Court of New York, Kings County. As that case progressed, Jaworowski, in September 2003, filed a virtually identical complaint in the U. S. District Court for the Eastern District of New York. The federal action, in circumstances which are not entirely clear from the record, was transferred to the U. S. District Court for the District of New Jersey in January 2004. The action in the Supreme Court was discontinued by the parties in May 2004.

---

[1] We acknowledge, as we must, that Third Circuit Internal Operating Procedure 9.1 prohibits panels of this Court from overruling the holdings of precedential opinions of previous panels. "However, when we are applying state law we are, of course, free to reexamine the validity of our state law interpretation based on subsequent decisions of the state supreme court." Nationwide Ins. Co. v. Patterson, 953 F.2d 44, 46 (3d Cir. 1991). Although the Supreme Court of New Jersey has not addressed the issue before us since Young, there has been a change in the legal landscape such that we can now predict what we believed "at that juncture" we could not predict in Young. Young, 863 F.2d at 301. To wait for the Supreme Court to reach an issue that it may never need to reach would be to abdicate our responsibility, while sitting in diversity, "to seek to eliminate inconsistency between federal and state courts in the application of state substantive law." Id. at 47. Nationwide Ins. Co., 953 F.2d at 47.

In the District Court, Ciasulli moved to dismiss, arguing that the two-year New Jersey statute of limitations for personal injury actions, N.J. Stat. Ann. § 2A:14-2, operated to bar this suit because it was not filed in federal court within two years of Jaworowski's injury. The Court agreed.

First, the District Court decided that the critical question was whether personal jurisdiction existed over Ciasulli in New York, because if jurisdiction was lacking in New York then the statute of limitations of New Jersey, as the transferee forum, would apply. See Levy v. Pyramid Co., 871 F.2d 9 (2d Cir. 1989).[2] Applying New York C.P.L.R. sections 301 and 302, the Court concluded that there was no personal jurisdiction over Ciasulli in New York. Given that the federal action in the Eastern District of New York was not filed until more than two years after Jaworowski's cause of action accrued, the Court applied New Jersey law to determine if its two-year statute of limitations could be tolled in such a situation. The Court discussed the Supreme Court of New Jersey's decision in Galligan v. Westfield Centre Service, Inc., 412 A.2d 122 (N.J. 1980), at length, but believing itself "bound to follow Third Circuit precedent," applied our conclusion in Young that "the timely filing of a case in a court which lacks personal jurisdiction over the defendant does not toll the New Jersey statute of limitations." Young, 863 F.2d at 301. The Court dismissed Jaworowski's action as untimely.

Jaworowski timely appealed. He argues that the District Court erred in its understanding of New Jersey law regarding the equitable tolling of the statute of limitations.[3] We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[2] Neither party contests this ruling.

[3] Jaworowski also challenges the finding of the District Court that there was no personal jurisdiction over Ciasulli in New York and its refusal to allow jurisdictional discovery. Because we find that equitable tolling is available under New Jersey law, we need not consider these alternative arguments.

As a federal court sitting in diversity, we must, pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), apply the relevant state's substantive law, which includes its statute of limitations, Dixon Ticonderoga Co. v. Estate of O'Connor, 248 F.3d 151, 160–61 (3d Cir. 2001), as that law has been set forth by its legislature or highest court, Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993). When a state's highest court has yet to speak on a particular issue, it becomes the role of the federal court to "predict how [the state's highest court] would decide the issue were it confronted with the problem." Packard, 994 F.2d at 1046. To that end, we should give careful consideration to decisions of the state's intermediate appellate courts, see McKenna v. Pac. Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994), and should aim to "eliminate inconsistency between the federal and state courts in the application of state substantive law," see Nationwide Ins. Co. v. Patterson, 953 F.2d 44, 47 (3d Cir. 1991).

The Supreme Court of New Jersey addressed the equitable tolling of the New Jersey personal injury statute of limitations in its 1980 decision in Galligan v. Westfield Centre Service, Inc., 412 A.2d 122 (N.J. 1980). In Galligan, the plaintiff brought an action in federal district court within the two-year limitations period. Recognizing that subject matter jurisdiction was lacking, the plaintiff, during the pendency of the district court action but after the two-year limitations period had run, brought an identical action in the Superior Court of New Jersey. The district court action was later dismissed and the question presented to the Supreme Court was whether the statute of limitations "may be tolled by the filing of a complaint in federal court which lacked subject matter jurisdiction." Id. at 123. The Court answered in the affirmative.

In reaching this conclusion, the Supreme Court considered the goals of the limitations period in the context of the "obvious and unnecessary harm" that could be worked by its "[u]nswerving, 'mechanistic' application." Id. at 124. According to the Court, the statute was designed to promote the

diligent and prompt assertion of rights by plaintiffs, to ensure the defendants' "ability to answer the allegations against them," to "create[] desirable security and stability in human affairs" by fostering "eventual repose," and to spare the courts from the burden of stale claims. Id. Applying the facts of the case to the goals of the statute, the Court concluded that allowing the statute to be tolled during the pendency of the federal action did "no violence to the purposes underlying" the statute because the plaintiff timely asserted his rights, "albeit by the unconventional vehicle of a jurisdictionally deficient complaint," such that the defendant could not reasonably claim a sense of repose, and the claim had not become stale. Id. at 125.

Eight years after Galligan, in Young v. Clantech, Inc., 863 F.2d 300 (3d Cir. 1988), we were asked to determine whether the principle announced in Galligan operated to toll the limitations period "when a plaintiff files a lawsuit against a defendant in a court which does not have in personam jurisdiction over the defendant." Id. at 300. Noting that "[s]ignificant policy arguments would support a distinction between" the defect present in Galligan and that present in Young, we concluded, in a per curiam opinion, that the "New Jersey Supreme Court has not extended the remedy of tolling to encompass such a defect, and we are unwilling, at this juncture, to predict that it would." Id. at 301.

The Superior Court of New Jersey, Appellate Division, disagreed. In Mitzner v. West Ridgelawn Cemetery, Inc., 709 A.2d 825 (N.J. Super. Ct. App. Div. 1998), the Appellate Division sharply criticized Young and concluded that Galligan did apply in situations in which the initial action was filed within the two-year limitations period but in a court that did not have personal jurisdiction over the defendant. Contrary to what we had said, the Court could "not perceive any" "significant policy arguments" to support the distinction we had made in Young between filing suit in a court that lacks subject matter jurisdiction and one that lacks personal jurisdiction, and, indeed, stated that "the filing in a court without subject matter jurisdiction would seem to be the greater defect" because, unlike personal jurisdiction, "subject matter jurisdiction may never be

6

waived." <u>Id.</u> at 828.

We have previously noted the conflict between <u>Young</u> and <u>Mitzner</u>. In <u>Island Insteel Systems, Inc. v. Waters</u>, 296 F.3d 200 (3d Cir. 2002), we examined both cases in the course of selecting "the more appropriate rule as a matter of policy" for purposes of Virgin Islands law. <u>Id.</u> at 215. In that context, we found <u>Young</u> to be unpersuasive given its "cursory treatment" of the policy questions implicated by its holding. <u>Id.</u> at 216. Although we acknowledged that <u>Young</u> was a "prediction of how the New Jersey Supreme Court would decide the question," we noted that <u>Mitzner</u> "disapproved <u>Young's</u> distinction" and provided the sounder rationale. <u>Id.</u> at 216–17.

As noted above, when sitting in diversity our role is to predict how a state's highest court would rule if a particular issue came before it. We have no difficulty concluding that the Supreme Court of New Jersey, if confronted with this issue, would agree with <u>Mitzner</u> and find that the personal injury statute of limitations could be equitably tolled during the pendency of an action brought in a court which lacked personal jurisdiction over the defendant in those situations in which, as in <u>Galligan</u>, the goals of that statute would not thereby be offended.

We reach this conclusion for a number of reasons. First, <u>Mitzner</u> has been cited on several occasions as an example of tolling that is consistent with the goals of the New Jersey statute of limitations. For example, in <u>Dixon Ticonderoga</u>, a case in which we applied the New Jersey statute of limitations, we noted that "[t]he principal reason for statutes of limitations is to provide notice to defendants." <u>Dixon Ticonderoga Co.</u>, 248 F.3d at 168. <u>Mitzner</u>, we explained, was an example of a case in which tolling "does not undermine this policy" because "the defendant has . . . received notice." <u>Id.</u> The Appellate Division has similarly explained <u>Mitzner</u> and has described it as part of "[a] long line of New Jersey cases [which] have held that the filing of an action in one forum will toll the statute of limitations during the pendency of that proceeding." <u>Staub v. Eastman Kodak Co.</u>, 726 A.2d 955, 965–66 (N.J. Super. Ct. App. Div. 1999); <u>see</u> <u>also</u> <u>Berke v. Buckley Broad. Corp.</u>, 821 A.2d 118,

7

124–27 (N.J. Super. Ct. App. Div. 2003). Most importantly, the Supreme Court of New Jersey, while not explicitly approving Mitzner, cited it together with Galligan in its discussion of equitable tolling as a "doctrine[] [that] in appropriate circumstances, such as those presented by this case, can be relevant in determining whether the statute of limitations should be tolled." Negron v. Llarena, 716 A.2d 1158, 1164 (N.J. 1998).

Second, we are persuaded by the numerous cases in which New Jersey courts have flexibly applied the New Jersey statute of limitations in order to avoid barring litigants on procedural grounds. "New Jersey law has been hospitable to equitably purposed procedural devices" including a generous discovery rule, a fictitious-names procedure, a principle of equitable tolling, and a doctrine of substantial compliance. Staub, 726 A.2d at 964–67 (allowing tolling during pendency of class action in which plaintiff considered himself a member but which provided no notice to defendant that plaintiff was asserting a claim); see LaFage v. Jani, 766 A.2d 1066, 1070–80 (N.J. 2001) (finding that wrongful death statute contemplates tolling for minors despite statute's silence); Negron, 716 A.2d at 1162–64 (finding substantial compliance with substantive statute of limitations governing wrongful death actions where plaintiff incorrectly brought suit in federal court during limitations period); Zaccardi v. Becker, 440 A.2d 1329, 1334–36 (N.J. 1982) ("It is now well settled in New Jersey that statutes of limitation will not be applied when they would unnecessarily sacrifice individual justice under the circumstances."); Galligan, 412 A.2d at 123–25; Kaczmarek v. N.J. Tpk. Auth., 390 A.2d 597, 601–05 (N.J. 1978); Berke, 821 A.2d at 124–27; Zacharias v. Whatman PLC, 784 A.2d 741, 745 (N.J. Super. Ct. App. Div. 2001).

Finally, given the rationale of Galligan and its progeny, we can envision no reason why the Supreme Court would distinguish between an action where subject matter jurisdiction is lacking and one where personal jurisdiction is lacking. See Galligan, 412 A.2d at 124 ("Whenever dismissal would not further the Legislature's objectives in prescribing the limitation, the plaintiff should be given an opportunity to assert his claim.").

In both instances, the defendant has been apprised of the plaintiff's claims, showing diligence on the part of the plaintiff, and the matter has been kept alive for adjudication. If there is any distinction it is, as the Court in Mitzner correctly noted, that bringing an action in a court that lacks subject matter jurisdiction is arguably a "greater defect," Mitzner, 709 A.2d at 828, especially in light of the judicial resources that might be wasted before the defect is discovered and the very real possibility that, once re-filed in New Jersey courts, the claims will be older and less amenable to efficient adjudication. See, e.g., Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152–54 (1908) (ordering court to dismiss case where Supreme Court, sua sponte, raised lack of jurisdiction). That risk is diminished where the defect is a lack of personal jurisdiction, as that defect can be waived by the defendant and the court is capable of hearing the case and issuing a valid judgment on the merits.

Therefore, we predict that if given the opportunity to rule on this issue, the Supreme Court of New Jersey would allow the equitable tolling of the New Jersey personal injury statute of limitations during the pendency of an action brought in a court which lacked personal jurisdiction over the defendant in those instances in which to do so would not offend the goals of the limitations statute. See Galligan, 412 A.2d at 124–25.[4] Because this calculus is necessarily fact-sensitive, whether it is

---

[4] We note that in Berke, the Appellate Division discussed Galligan and Mitzner as "substantial compliance" cases and set forth a five-part test adopted by the Supreme Court in Negron. See Berke, 821 A.2d at 125–26. In Negron, however, the Supreme Court clearly distinguished between substantial compliance cases and equitable tolling cases such as Galligan and Mitzner. See Negron, 716 A.2d at 1164 ("The application of the doctrine of substantial compliance obviates additional consideration of whether equitable tolling or the discovery rule should be invoked to toll the statute of limitations."). As such, we predict that the Supreme Court would apply the equitable tolling test announced in Galligan in determining whether equitable tolling would be appropriate in cases such as this.

appropriate to equitably toll the statute of limitations in this action should be determined by the District Court in the first instance. <u>See</u> <u>Island Insteel Sys., Inc.</u>, 296 F.3d at 218.

**III.**

For the foregoing reasons, we will reverse the order of the District Court and remand for further proceedings consistent with this Opinion.