**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1639-17T3

SANDRA TURNER-BARNES,

    Plaintiff-Appellant,

v.

CAMDEN COUNTY COLLEGE
and WILLIAM THOMPSON,

    Defendants-Respondents,

and

CAMDEN COUNTY,

    Defendant.

_____

Argued January 7, 2019 – Decided January 31, 2019

Before Judges Messano and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2623-17.

LaTonya N. Bland-Tull argued the cause for appellant (Hagerty & Bland-Tull Law, LLC, attorneys; LaTonya N. Bland-Tull, on the briefs).

Hannah M. Girer-Rosenkrantz argued the cause for respondents (Brown & Connery, LLP, attorneys; Christine P. O'Hearn and Tara L. Humma, on the brief).

PER CURIAM

Plaintiff Sandra Turner-Barnes appeals from a September 15, 2017 Law Division order, granting summary judgment to defendants, Camden County College and William Thompson (collectively defendants), and dismissing her complaint with prejudice.[1] She also appeals from a November 3, 2017 order denying her motion for reconsideration. In her complaint, plaintiff, a then sixty-seven-year-old African-American, alleged she was wrongfully terminated on the basis of race, age, and disability, in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. In granting summary judgment, the motion judge rejected plaintiff's reliance on Alderiso v. Medical Center of Ocean County, 167 N.J. 191 (2001), and concluded that plaintiff's complaint was barred by the applicable statute of limitations. On plaintiff's motion for reconsideration, the judge maintained his position. Because we are convinced the judge misinterpreted Alderiso, we reverse.

---

[1] In its merits brief, defendants assert that Camden County was neither named as a defendant in any of the underlying proceedings, nor served with any pleadings.

The operative facts are undisputed. Plaintiff worked as the College's Executive Director of the Camden County Cultural and Heritage Commission from June 1, 2012, until January 23, 2015. On January 23, 2015, plaintiff received a letter from defendant William Thompson, Vice President of the College's Institutional Advancement Division, notifying her that due to "declining enrollment and reduced funding," her position would be "eliminated effective . . . January 23, 2015," "in order to reduce costs." The letter stated that plaintiff would "remain on the payroll and receive [her] full salary through June 30, 2015," and "[a]ny accrued, unused vacation [would] be paid to [her] no later than July 2015." According to the letter, "[a]ll benefits [would] cease effective June 30, 2015," except for "medical and prescription coverage which [would] cease on July 31, 2015." The letter instructed plaintiff that she could "apply for State unemployment compensation" and attached the required form "to facilitate [her] unemployment compensation claim." Finally, the letter directed plaintiff to "return all College issued keys, library card, College ID, computer equipment and any other College property in [her] possession immediately."

On February 10, 2015, plaintiff filed a complaint with the New Jersey Division on Civil Rights (DCR), alleging that her discharge from the College violated the "[New Jersey] Law against Discrimination[,] N.J.S.A. 10:5-12a[,]"

A-1639-17T3

the "Age Discrimination in Employment Act of 1967 (ADEA)," "Title VII [of the] Civil Rights Act of 1964," and the "Americans with Disabilities Act . . . (ADA)." In her DCR complaint, plaintiff denied that "she was discharged in order to reduce costs or that her position was eliminated, and allege[d] that she was replaced by . . . a younger, non-Black, non-disabled, less experienced individual." Plaintiff asserted in the complaint that the adverse employment action she suffered occurred when she was discharged on January 23, 2015.[2]

On June 29, 2017, plaintiff filed a pro se complaint in the Superior Court, alleging that she was wrongfully terminated in violation of the LAD "as a result of on-going racial discrimination, age discrimination, and . . . discrimination due to [her] disability." On August 3, 2017, plaintiff withdrew her DCR complaint. On August 28, 2017, defendants moved to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e), on the ground that the complaint was filed outside of the two-year statute of limitations for LAD claims, and therefore failed to state a claim upon which relief can be granted.[3] Plaintiff opposed the motion, arguing that

---

[2] In plaintiff's DCR complaint, she mistakenly stated that her discharge date was January 23, 2014, instead of January 23, 2015.

[3] In the alternative, defendants sought "a more definite statement" as permitted under Rule 4:6-4(a).

A-1639-17T3

under <u>Alderiso</u>, her claim accrued on June 30, 2015, and thus was not barred by the statute of limitations.

On September 15, 2017, following oral argument, the motion judge considered evidence outside the pleadings, including defendants' January 23, 2015 termination letter, and plaintiff's DCR complaint. The judge treated defendants' motion as one for summary judgment as permitted under <u>Rule</u> 4:6-2, and granted defendants summary judgment in an oral decision he later memorialized in an order. <u>See</u> <u>Giannakopoulos v. Mid State Mall</u>, 438 N.J. Super. 595, 599 (App. Div. 2014) ("In fact, because the court considered documents outside the pleadings in deciding the . . . motion [to dismiss,] it is . . . treated as a summary judgment motion."). The judge posited that the issue central to the motion was "whether the date of [plaintiff's] termination [was] when [she] w[as] notified not to return [on January 23, 2015,] or the date on which payments to [plaintiff] ceased [on June 30, 2015]."

The judge recited the undisputed facts as follows:

> Plaintiff was terminated from her position . . . by letter dated January 23, 2015 . . . . That letter indicates that plaintiff's position with the [C]ollege was terminated effective the date of the letter, January 23, 2015. She remained on the payroll through June 30, 2015.

A-1639-17T3

On February 10, 2015, plaintiff filed a . . . complaint with the [DCR] alleging discrimination based on age, race[,]and disability . . . . The [DCR complaint] which plaintiff filed . . . specifically alleges that plaintiff was discharged from employment on January 23, 2015. The complaint in this case was not filed until [June 29, 2017].

In his legal analysis, the judge explained:

The [LAD] is subject to a two[-]year statute of limitations under N.J.S.A. 2A:14-2(a) and as . . . discussed in [Alexander v. Seton Hall University, 204 N.J. 219, 228 (2010)]. An action seeking recovery under the LAD must involve[] adverse employment action which occurred within two years of the filing of suit. Where the adverse employment action occurred more than two years prior to the filing of suit, the matter is barred by the statute of limitations . . . [, Roa v. Roa, 200 N.J. 555, 566 (2010)].

Here, plaintiff's certification, as part of her filing with the [DCR], admits that the employment action occurred on [January 23, 2015]. . . . Accordingly, no issue of fact exists with respect to the last date and time in which the alleged discrimination could have occurred since employment terminated as of that date and the decision to terminate plaintiff for any adverse employment action occurred on or before January 23, 2015.

Thus, the judge concluded that "[b]ased upon the case law, . . . [plaintiff's] complaint on its face reflect[ed] the claim [was] barred by the applicable statute of limitations" because it was filed almost five months after the expiration of

the two-year statute of limitations.  The judge addressed plaintiff's reliance on

Alderiso as follows:

> Plaintiff cites to . . . [Alderiso], a 2001 Supreme Court decision in support of her claim that the actual date which controls is the date on which her pay . . . ended, since she was paid through . . . [June 30, 2015] and, in particular, the letter terminating her indicated:
>
>> "In order to reduce costs further, your position will be eliminated effective . . . January 23, 2015.  You will remain on the payroll and receive your full salary through June 30, 2015.  Any accrued, unused vacation will be paid to you no later than July[] 2015."
>
> In Alderiso, [167 N.J. at 199-200,] the Supreme Court . . . stated the following:
>
>> "For clarity, we also note that the date of discharge for limitation purposes does not include any subsequent date on which severance, health or other . . . extended benefits are paid."

The judge found that it was "clear, based upon . . . the termination letter

of January 23, 2015, that plaintiff's termination occurred on [January 23, 2015,]

and plaintiff herself acknowledge[d] that [date] in . . . her filing with the [DCR]."

Thus, in rejecting plaintiff's reliance on Alderiso, the judge concluded "[t]he

adverse employment decision . . . from which this claim [arose]" had "already

7

occurred" at "the point of termination[,]" despite the fact that plaintiff "receive[d] pay after that date[.]"[4]

On November 3, 2017, in an oral decision, the judge denied plaintiff's motion for reconsideration for the reasons articulated in his initial decision. The judge stated that the new information submitted by plaintiff in support of her reconsideration motion was available to her at the time the summary judgment motion was heard and "[a] party may not . . . obtain reconsideration on the basis of information that could have been provided earlier, but . . . was not provided or otherwise overlooked[.]"[5] Likewise, the judge rejected plaintiff's newly minted "judicial estoppel" argument, based on defendants' invocation of the June 30, 2015 termination date before various tribunals, and plaintiff's "interests of justice" argument, based on the purported absence of prejudice to defendants.

---

[4] Contrary to plaintiff's argument, the judge did not distinguish Alderiso on the ground that her remaining on the payroll until June 30, 2015, constituted severance payments. Indeed, such a contention is not supported by the facts in the record, viewed in the light most favorable to plaintiff. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)).

[5] The judge acknowledged that a certification filed with the New Jersey Division of Pensions and Benefits, listing plaintiff's discharge date as June 30, 2015, was unavailable to plaintiff when the summary judgment motion was decided, but noted that the certification "d[id] not change [his] analysis or . . . initial decision."

The judge concluded that "[n]ew theories [were] not proper for reconsideration" and entered a memorializing order. This appeal followed.

We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). That standard is well-settled.

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion. On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.
>
> [Ibid. (quoting R. 4:46-2(c)).]

Applying these standards, we agree with plaintiff that the motion judge "misapplied Alderiso" to the undisputed facts pertinent to the issue on appeal. In Alderiso, our Supreme Court interpreted the accrual date for purposes of the statute of limitations provision of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -8 (CEPA), as follows:

> We must determine whether plaintiff's cause of action accrued on the date that she received notice of her termination or on some later date, such as the date of discharge or the first day of unemployment.

A-1639-17T3

We hold that when the employer's alleged conduct consists of wrongful termination, the employee's cause of action under CEPA accrues on the date of actual discharge. We interpret that date to mean the last day for which the employee is paid a regular salary or wage. It does not include any subsequent date on which severance, health, or other extended benefits are paid. For computation purposes, the first day to be included in the . . . limitations period is the day after the date of discharge.

[Id. at 194-95.]

Stated differently, the Court interpreted the date of discharge "to encompass the first full day of unemployment, i.e., the day after the last day for which [the employee] was paid," rather than the date the employee received notice of termination. Id. at 198. As applied to the plaintiff in Alderiso, who was given oral notice of her termination on January 14, 1997, instructed "to return to work the following day to close out her files[,]" did not return as requested but was paid "her regular salary through and including January 15, 1997[,]" id. at 195, plaintiff's date of discharge was January 15, 1997, "notwithstanding her absence from work on that date." Id. at 199. Further, the Court noted that a "dispute concerning [a] plaintiff's date of discharge represents a legal dispute, not a question of fact," and was thus subject to de novo review by an appellate court. Ibid.

Although <u>Alderiso</u> involved a claim under CEPA, in <u>Zacharias v. Whatman PLC</u>, 345 N.J. Super. 218, 227 (App. Div. 2001), "we [saw] no reason not to apply that holding to termination claims under the LAD as well." There, although the plaintiff was told in 1994 "that there would be no permanent place for him" following his employer's reorganization, but that he would be paid until 1997 "when he reached the age of sixty-five[,]" <u>id.</u> at 220, we held that the two-year statute of limitations on his LAD complaint based on age discrimination did not run until 1999. <u>Id.</u> at 227. <u>See also</u> <u>Holmin v. TRW, Inc.</u>, 330 N.J. Super. 30, 35-36 (App. Div. 2000), <u>aff'd o.b.</u>, 167 N.J. 205 (2001) (holding that the applicable statute of limitations period was measured from the date the plaintiff's cause of action accrued, and plaintiff's cause of action for fraud did not accrue when he was notified in writing that he would be laid off, but rather thirteen days later when his position would be eliminated).

Here, since plaintiff was paid until June 30, 2015, for computation purposes, the first day to be included in the limitations period is the day after the date of discharge, or July 1, 2015. Thus, her June 29, 2017 complaint was timely. Accordingly, we reverse the order of dismissal entered on September 15, 2017, and the order denying reconsideration entered on November 3, 2017,

11                                                                                    A-1639-17T3

and remand for further proceedings on the merits. Based on our decision, we need not address plaintiff's remaining arguments.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1639-17T3