**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1459
_____

KHONGSANA SOUMPHONPHAKDY,
Appellant

v.

MARY J. WALILKO; GEICO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-16830)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2021

Before: AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 17, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Khongsana Soumphonphakdy appeals the District Court's order dismissing his complaint. For the reasons discussed below, we will affirm the District Court's judgment.

Soumphonphakdy filed a complaint in the District of New Jersey, asserting a single personal-injury claim concerning injuries he sustained in a car accident. The District Court sua sponte dismissed the complaint, concluding that Soumphonphakdy's claims were barred by New Jersey's two-year statute of limitations for personal-injury actions because the accident occurred on February 14, 2017, and Soumphonphakdy did not file his complaint until August 15, 2019.

Soumphonphakdy appealed, and we vacated the District Court's judgment. Soumphonphakdy v. Walilko, 808 F. App'x 59 (3d Cir. 2020) (per curiam). We acknowledged that Soumphonphakdy had filed his complaint more than two years after the relevant events. See id. at 60 (citing N.J. Stat. Ann. § 2A:14-2, which sets forth the two-year statute of limitation for personal-injury actions). However, we observed that district courts should not sua sponte dismiss a complaint on statute-of-limitations grounds unless it is clear from the complaint that the plaintiff had no valid basis to toll the limitations period. See id. We concluded that it was not clear that tolling was unavailable to Soumphonphakdy because he had alleged that he had filed a timely action in New Jersey state court. See id. (recognizing a "long line of New Jersey cases [which] have held that the filing of an action in one forum will toll the statute of limitations during the pendency of that proceeding" (quoting Jaworowski v. Ciasulli, 490 F.3d 331,

2

335 (3d Cir. 2007)).  We remanded to the District Court to decide in the first instance whether tolling was appropriate in this case.

In the District Court, the defendants filed motions to dismiss the action arguing, among other things, that Soumphonphakdy was not entitled to tolling and that the action was untimely.[1]  The District Court granted the motions, and Soumphonphakdy again appealed.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's order de novo.  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  We may affirm on any basis supported by the record.  See Hassen v. Gov't of V.I., 861 F.3d 108, 114 (3d Cir. 2017).[2]

Although our reasoning differs slightly from the District Court's,[3] we ultimately agree with the Court's conclusion that Soumphonphakdy's claim is barred by the statute

---

[1] Only defendant Walilko raised this defense.

[2] In evaluating the timeliness of Soumphonphakdy's action, we apply New Jersey law. See Jaworowski, 490 F.3d at 333.

[3] The District Court stated that Soumphonphakdy was not entitled to tolling because his state "action was dismissed before Plaintiff filed the instant federal action on August 15, 2019."  ECF No. 28 at 2.  However, New Jersey courts have rejected the argument that the tolling doctrine should be restricted to cases where the plaintiff filed the second action before the first was dismissed.  See Mitzner v. W. Ridgelawn Cemetery, Inc., 709 A.2d 825, 827–28 (N.J. Super. Ct. App. Div. 1998); see also Berke v. Buckley Broad. Corp., 821 A.2d 118, 127 (N.J. Super. Ct. App. Div. 2003) (applying tolling doctrine notwithstanding "ten-week delay between the Third Circuit dismissal and the state

3

of limitations.[4] Soumphonphakdy filed his complaint about six months after the two-year limitations period expired (absent tolling). See N.J. Stat. Ann. § 2A:14-2. He asserted a single basis for tolling: the doctrine through which New Jersey courts will "excuse an untimely filing in New Jersey where the plaintiff has filed a timely claim in a federal court or the court of another state that was dismissed by that court for lack of jurisdiction and followed by a prompt filing in New Jersey." Schmidt v. Celgene Corp., 42 A.3d 892, 897 (N.J. Super. Ct. App. Div. 2012). However, even accepting Soumphonphakdy's allegations and drawing reasonable inferences in his favor, he does not satisfy that doctrine's requirements. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1390 (3d Cir. 1994), overruled in irrelevant part by Rotkiske v. Klemm, 890 F.3d 422, 428 (3d Cir. 2018) (en banc).

Unlike in the cases where the New Jersey courts have applied this tolling doctrine, Soumphonphakdy's initial complaint was not dismissed for lack of jurisdiction. Rather, the state court dismissed the complaint because Soumphonphakdy failed to provide

filing").

[4] Although Geico did not seek to dismiss the complaint as untimely, Walilko's motion provided adequate notice of the issue to Soumphonphakdy, making it permissible for the District Court to sua sponte dismiss the complaint on this ground as to Geico, too. See Jones v. Bock, 549 U.S. 199, 214-15 (2007); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009); see generally Acequia, Inc. v. Prudential Ins. Co. of Am., 226 F.3d 798, 807 (7th Cir. 2000) (stating "where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition").

discovery; did not submit a "certification of permanency";[5] and "disregarded instructions given in Court and on the record to sign the [medical] authorizations and simply stood up and walked out of Court, in direct defiance of the Court." ECF No. 25-3 at 3.[6] Thus, as opposed to cases that are dismissed for lack of jurisdiction, Soumphonphakdy was "not foreclosed from proceeding" in state court, Schmidt, 42 A.3d at 900; to the contrary, the state court provided that Soumphonphakdy could reinstate the action if he submitted the required documents, see ECF No. 25-3 at 3. Likewise, the fact that Soumphonphakdy filed in federal court only after receiving this (non-jurisdictional) adverse decision in state court works against him because it suggests he is trying to avoid that court's unfavorable ruling. See Schmidt, 42 A.3d at 900.

Thus, even under the facts as alleged by Soumphonphakdy, his "conduct was not generally compliant with the purposes of the statute [of limitations], and the statute's purposes are served by a denial of relief." Id. at 901. He is thus not entitled to toll the statute of limitations, and as a result, his claim is untimely.

Accordingly, we will affirm the District Court's judgment.

---

[5] This refers to a requirement under New Jersey law that a plaintiff claiming to suffer from a "permanent injury" must "provide the defendant with a certification from the licensed treating physician or a board-certified licensed physician" that states "under penalty of perjury, that the plaintiff has sustained [a qualifying] injury." N.J. Stat. Ann. § 39:6A-8(a).

[6] The District Court was permitted to take judicial notice of the state court order in which this information was found. See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).